Fitch *v.* Baker.

23   563
59   315
61   585
23   563
73   321

## FITCH *vs.* BAKER.

The plaintiff erected, for the defendant, upon a lot of land, a dwelling-house under a written contract, and also other buildings under a parol contract, and afterward duly filed with the town-clerk his certificate of lien upon said buildings and land, describing the several amounts due on said contracts, and, in a bill for a foreclosure of the defendant's interest in the whole property, alleged that the fee of the land was in the wife of the defendant, the latter having a life interest therein, which bill the defendant answered by a general denial. Held, 1. That both claims were properly embraced in the same certificate and the same suit. 2. That the question, whether the land was, or was not purchased with the earnings of the wife during coverture, and after the passing of the act of 1850, securing to married women real estate acquired by their personal services and conveyed to them during coverture, was not put in issue by the parties. 3. That the plaintiff was entitled to a foreclosure of the defendant's life estate in the whole property.

THIS was a bill in equity, alleging that the plaintiff had a mechanic's lien, for the erection of a dwelling-house, barn,

and privy, upon a certain lot of land, the fee of which was in the wife of the defendant, he having only a life interest therein; and praying for a foreclosure. The answer simply denied the truth of the matters averred in the bill.

The case was referred to a committee, whose report embraced the following facts. The defendant erected upon the lot of land, a dwelling-house, and furnished the materials, under a written contract with the defendant,—and also erected other buildings upon the same land, under a parol contract, and, within sixty days after the buildings were completed, he filed his certificate of lien, to secure the amount claimed to be due him. The title of the land was in the defendant's wife, the same having been purchased, and paid for, by money earned by her personal services, and the balance due the plaintiff for building the house, was $220, and for the other buildings, $115, making together, $335.

The material parts of the certificate, lodged with the town clerk, are the following:

" Be it known, that I, John Baker, of Norwalk, for the consideration of materials furnished, and labor expended, do hold and claim a lien upon the buildings and premises, hereinafter described, under and by virtue of a statute law of this state, entitled " An Act securing to Mechanics a Lien on Land and Buildings," and the acts in addition thereto, for the sum of $472.50, to wit, the sum of $344.25 for labor, and materials, expended on the dwelling-house, under a written contract, and the sum of $128.25 for labor and materials for the other buildings, under a verbal contract. The contracts were both made with Walter J. Fitch, with the knowledge, assent, and request of Huldah Fitch, his wife, who has the fee of the land, on which the buildings are situated. My claim for work and materials on the house commenced on the 10th day of August, 1853; on the other buildings, on the 3d day of November, 1853, and I ceased laboring on all the buildings, on the 8th day of February, 1854. The premises are situated in Norwalk, contain about five acres, with the dwelling-house, and other buildings thereon standing, bounded, &c.

Fitch *v.* Baker.

In witness whereof, I have hereunto set my hand and seal, this first day of March, 1854.   John Baker.   [L. S.] "

To which was annexed his affidavit.

The defendant remonstrated against the acceptance of the report, upon the ground that the committee admitted in evidence the certificate, although objected to by him.

The superior court for Fairfield county, at the April term, 1855, adjudged the reason assigned in the remonstrance insufficient, accepted the report of the committee, and found the facts therein stated to be true, except in relation to so much of the report, as regards the payment for the land, by the wife, with moneys acquired by her personal services, in relation to which, the court made no finding, inasmuch as it did not appear that such money was earned, during coverture, and that fact was not within the issue raised by the defendant's answer.   The court did not intend to conclude the parties respecting it, and thereupon decreed a foreclosure against Walter J. Fitch, the defendant, and dismissed the bill, as against his wife.

The defendant, thereupon, filed a motion in error, and brought the case before this court, claiming that the court below erred in adjudging the remonstrance insufficient, and in making a decree in favor of the plaintiff.

*Ferry* in support of the motion.

1. The certificate was inadmissible, because it is a void instrument, for the following reasons.   It recites two contracts, one verbal, the other written, having relation to different subjects, and distinct localities, *viz.*, the one to the dwelling-house, and the other to the barn and privy; instead of the operations of the lien acquired under each of the contracts within its own proper locality, the certificate attempts to spread the lien acquired, under each contract, over the whole property affected by both.

2. The bill and report, together, show no equitable cause of action against the defendant.   The bill describes the defend-

ant, as having only a life-interest in the premises. There is no positive averment that he has any interest whatever. The answer denies even this qualified statement of an interest. The report finds "that the title of said land was in the wife of the defendant, the same having been purchased, and paid for, with money earned by her personal services." The defendant therefore had no interest whatever in the property. Stat., 1854, p. 377.

The decree finds an indebtedness by the defendant, but declines to find whether he has, or has not, any interest in the land, and then proceeds to foreclose him, by a decree subjecting him to the payment of costs.

3. No lien can be acquired, on the life-interest of the husband, in the real estate of the wife.

*Butler & Carter*, and *Wilson*, contra.

1. The committee did not err in admitting the certificate of lien in evidence, and it is, in form, a compliance with the statute. It claims a lien on the buildings and premises, setting out the facts correctly.

2. The bill shows an equitable cause of action, against the defendant. It avers a debt due, for work done and materials furnished, in the erection of a dwelling-house, by the plaintiff, upon land in which the defendant has an interest, and claims a lien under the statute, averring the continuance of the lien, by filing a certificate, in compliance with the statute. This discloses an equitable right to foreclose the defendant's interest.

3. The averment that the plaintiff had no adequate remedy at law, was not necessary. *Botsford* v. *Beers*, 11 Conn. R., 369.

WAITE, C. J. It is claimed that the certificate of lien, filed in the town-clerk's office, is void, because it recites two contracts, one in writing, and the other verbal, having rela-

tion to different subject matters, the erection of separate buildings, in separate localities.

This claim, we think not well founded. The certificate relates to liens, claimed upon one and the same lot of land, with the buildings thereon, and sets out the manner in which the liens originated, perhaps with more particularity, than was necessary. But the fact that they grew out of separate contracts can have no effect upon its validity, so long as both claims are upon the same property.

In this respect, the incumbrance is like two distinct and independent mortgages upon the same estate. In such case, it is almost the universal practice to bring but one suit for a foreclosure, and ask for a decree, upon the non-payment of both mortgages. To hold that, in such case, two suits would be necessary, would be oppressive upon the debtor,—subjecting him to unnecessary costs. *Mix* v. *Hotchkiss,* 14 Conn. R., 32.

Did it appear that the liens, created under these two contracts, were upon two distinct pieces of property, and that the lien created under the one contract, was upon property, separate and distinct from the property upon which the other lien arose, the case would be different. It would be like two separate mortgages, to secure separate debts, each covering a separate tract of land.

But the bill, in the present case, prays for a foreclosure of all the defendant's interest in the whole property, and the decree is so made, and there is nothing shown, by which we can see that separate decrees could be made, or that one portion ought to be forfeited upon the non-payment of one claim, and another for the non-payment of the other.

Both claims, in our opinion, were properly embraced in the same certificate, and in the same suit.

2. In the next place, it is said, that it is neither averred in the bill, nor found by the court, that the defendant had any interest in the land and buildings upon which the liens are claimed.

The allegation in the bill is, that the buildings were erected upon a certain lot of land, the fee of which was in the wife of the defendant, he having only a life interest therein; and it is found by the committee and the court, that the title of the land was in the wife. Aside from the act of 1850, this would give him, at least, an estate for their joint lives; an estate, which he could convey, or mortgage, and which could be taken on execution. And, if he had any interest whatever in the property, it would justify a decree of foreclosure against him. *Williams* v. *Robinson*, 16 Conn. R., 522. *Wooden* v. *Haviland*, 18 Conn. R., 107.

But the defendant relies upon the act of 1850, which provides "that all real estate, conveyed to a married woman, during coverture, in consideration of money, or other property, acquired by her personal services, during such coverture, shall be held to her sole and separate use."

It has been holden that this statute is not retrospective in its operation. *Plumb* v. *Sawyer*, 21 Conn. R., 351. It creates an exception to the general rule, that the husband has a life estate in all lands owned by his wife in fee.

Hence, in order to bring the case within the provisions of that act, it is incumbent upon the defendant to shew, that the land was not only purchased with money earned by the wife, but that the purchase was made during the coverture, and subsequent to the passage of the act, which is a recent one.

But the defendant has set up no such claim, either in his answer, or his remonstrance, and by a recent rule, the court, in a suit in chancery, will not find any facts, not put in issue by the parties. Rules of Practice, chap. 20, § 3. 18 Conn. R., 378.

Under that rule, therefore, the superior court was perfectly justified in refusing to go into an enquiry, respecting a matter not put in issue, by the pleadings. The finding of the court is in perfect accordance with the allegation in the bill, that the fee of the land was in the wife,—and a general denial of

the allegations in the bill did not render it necessary for the plaintiff to go farther.

3. It is finally said, that no lien can be acquired upon the life estate of the husband. But we see no foundation for this claim. Had the defendant given to the plaintiff a mortgage of all his interest in the property, such mortgage would unquestionably be good, and a bill for a foreclosure might be sustained upon it.

A mechanic's lien, in many respects, resembles a mortgage. Neither will affect the rights of the wife, unless she so co-operates with her husband as to bind her estate. But so far as the interest of the husband extends, it will be as much bound, in the one case, as in the other. In the present case, the interest of the wife remains unaffected by the decree, the bill as against her having been dismissed.

We are therefore of opinion that there is no error in the doings of the superior court.

In this opinion the other judges concurred, except HINMAN, J., who was disqualified.

Decree affirmed.