MICHAEL LEVY et al., Respondents, *v.* EMANUEL NEWMAN,. Appellant.

Statutes providing the procedure for assessing and collecting taxes, for the sale of land for their non-payment, and for the redemption of lands sold for unpaid taxes, are applicable to infants and persons under disabilities, unless they are excepted from the operation of the act.

The provision of the charter of the city of Brooklyn of 1873 (§ 9, tit. 8, chap. 863, Laws of 1873), providing that where lands sold for unpaid taxes belong to an infant having no guardian, no conveyance shall be executed by the registrar until at least one month after a guardian has. been appointed or the disability removed, and until the expiration of the month authorizing the redemption, does not apply to the sale and redemption of land sold for taxes readjusted under the act of 1883 (Chap. 114, Laws of 1883), providing for the settlement and collection of arrearages of unpaid taxes in said city.

Accordingly *held*, where an infant owner of land, sold in pursuance of the latter act, was served personally with notice of sale and failed to redeem within the time prescribed by the act, that the right of redemption and the title of the infant was cut off.

Reported below, 50 Hun, 438.

(Argued October 8, 1891; decided October 20, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made November 12, 1888, which affirmed a judgment in favor of plaintiffs entered on the decision of the court on trial at Circuit, without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Fernando Solinger* for appellant. Notwithstanding the statute apparently fully legislated upon the subject of tax sales, the absence of any provision for service upon infants and the manner in which they might be treated and what protection they should have, clearly shows that the charter provision should govern. (Laws of 1848, chap. 319; Laws of 1860, chap. 360; *Lefevre* v. *Lefevre,* 59 N. Y. 435; *People* v. *Jaehne,* 103 id. 182; *U. S.* v. *Tyman,* 11 Wall. 88.) The law implies

into the statute an exception in favor of infants. (*Coy* v. *Coy*, 15 Minn. 119.)

*Ira Leo Bamberger* for respondents. A general law for the sale of delinquent lands includes lands of infants. (Burroughs on Taxation, 362 ; Black on Tax Titles, § 193 ; *Mettz* v. *Hipps*, 96 Penn. St. 15 ; *Prior* v. *Ryburn*, 16 Ark. 671 ; *Machine* v. *Thompson*, 17 id. 199 ; *Smith* v. *Macon*, 20 Ark. 17.) Chapter 114 of the Laws of 1883 was intended to cover the whole subject of the adjustment of taxes in the city of Brooklyn, and contains no provision, directly or indirectly, for the appointment of a guardian. (*Cromwell* v. *MacLean*, 123 N. Y. 485 ; *Heckman* v. *Pinkney*, 81 id. 211 ; *People ex rel.* v. *City of Brooklyn*, 69 id. 605.)

FOLLETT, Ch. J. This action was brought to recover the purchase-price of land, which September 1, 1887, the plaintiffs contracted to sell and the defendant to buy, by an executory contract to be performed October 17, 1887. The defense interposed is that the plaintiffs were unable to convey a perfect title. February 3, 1886, the registrar of arrears of the city of Brooklyn sold the lot in question to David J. Eisner (from whom the plaintiffs, through mesne conveyances, derived their title) for unpaid taxes, pursuant to chapter 114 of the Laws of 1883. At this time, three infants owned five-ninths of the land as tenants in common with several adults who owned four-ninths. The adults and infants were personally served with notice of the sale, but failed to redeem within the time prescribed by statute. Neither of the infants had a general guardian, and the defendant insists that their right of redemption has not been cut off.

By title 8 of chapter 863 of the Laws of 1873 (the late charter of the city of Brooklyn), a department of arrears was created and charged with the duty of selling property for unpaid taxes. By this title, the procedure by which sales were to be made and redemption effected was prescribed with particularity. Section 9 of this title provides :

" SECTION 9. Whenever such registrar shall receive satisfactory information that the land so sold belongs to an idiot or insane person, for whose estate no committee shall have been appointed, or to an infant having no guardian, he shall not execute a conveyance of their lands until at least one month after he shall have legal evidence that such disability has been removed or a committee or guardian of the estate has been appointed. And until the expiration of said month, such committee or guardian may redeem such land in the same manner as hereinbefore provided."

On the 16th of March, 1883, the taxes in arrear in this city exceeded ten millions of dollars, and on that date chapter 114, L. 1883, was passed, by which the board of assessors was authorized to determine the proportion of the taxes in arrear assessed prior to July 1, 1882, which ought to be paid. The amounts found to be equitably chargeable to each piece of property were to be a lien on the land, and a complete scheme was provided for collecting the readjusted taxes, and in case of their non-payment, for the sale of the property against which they were assessed, and for the redemption of the property sold pursuant to the act. It is not asserted and could not be successfully, that the readjusted taxes could be collected by the procedure prescribed by the charter of 1873, but they could only be by the mode provided by chapter 114, from which section 9 above quoted is omitted. This section was not repealed by the act of 1883, but by the terms of the statute, the section became wholly inapplicable to the sale and redemption of land for taxes readjusted under the statute of 1883.

The right to redeem lands sold to enforce the collection of taxes assessed against it, is purely statutory, and statutes providing the procedure for assessing and collecting taxes for the sale of land for their non-payment, and for the redemption of lands sold are applicable to infants and persons under disabilities, unless they are excepted from their operation. (*Metz* v. *Hipps*, 96 Penn. St. 15; *Smith* v. *Macon*, 20 Ark. 17; 2 Black Tax Titles [5th ed.], § 713; Cooley Tax. [2d ed.] 533, 534; Burroughs Tax. 362; Ang. Lim. [6th ed.] § 184.)

It is a general rule that statutes limiting the time in which, and prescribing the procedure by which, rights shall be enforced, are applicable to persons under disabilities, unless expressly excepted. (*Bucklin* v. *Ford,* 5 Barb. 393; *Bank of the State of Alabama* v. *Dalton,* 9 How. [U. S.] 522; *The Sam Slick,* 2 Curtis C. C. 480; *U. S.* v. *Maillard,* 4 Ben. 459; *Howell* v. *Hair,* 15 Ala. 194; Ang. Lim. [6th ed.] § 194.)

The title of the persons owning the fee at the time of a tax sale, both infants and adults, was cut off by the sale, and by their failure to redeem within the time and in the manner provided by the statute under which the sale was made. It follows that the plaintiffs tendered to the defendant a good title, and they are entitled to recover the purchase-price.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.