IDA KAUFMAN, ADMINISTRATRIX, ET AL. *vs.* PASQUALE VALENTE ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 11th—decided August 2d, 1932.

*Robert J. Woodruff,* with whom, on the brief, was *Louis Shafer,* for the appellant (defendant D'Elia).

*Israel Hillman,* with whom was *Harry E. Konick,* for the appellees (plaintiffs).

HINMAN, J. The plaintiff Ida Kaufman is administratrix of the estate of Isic Kaufman to whom and the plaintiff Israel Gordon, Nunziatta Valente, a predecessor in title of the defendant Pasquale Valente,

gave a mortgage, June 24th, 1924, on land in New Haven securing a note for $3600. The finding is that on July 20th, 1925, $2600 was paid thereon, leaving a balance of $1000. The defendant Vincenzio D'Elia introduced in evidence a note for $5000 and a mortgage on the same land, subject to the above-mentioned mortgage, dated July 21st, 1925, and executed by Pasquale Valente.

On October 27th, 1927, the city of New Haven commenced an action for foreclosure of a tax lien on the premises covered by these mortgages; on March 28th, 1930, judgment was rendered therein in which D'Elia was given the 14th day of May, 1930, to redeem and the plaintiffs the 15th day of May; D'Elia did not redeem but the plaintiffs did and on May 15th, 1930, became the sole owners of the premises.

On December 5th, 1927, the board of aldermen of the city of New Haven passed an order for the condemnation of a portion of the land which was subject to the mortgages and assessed damages at $1860. On January 10th, 1928, Valente, the owner, and Kaufman and Gordon, D'Elia, and others having an interest in the premises appealed from the order and assessment to the Superior Court. On June 3d, 1930, all the parties to the appeal entered into a stipulation for judgment and on June 13th, 1930, in accordance therewith, judgment was entered changing the assessment of damages to $3200. The city is ready and willing to pay that sum to such person or persons as the court may order. The trial court held that the plaintiffs were entitled to the entire sum on the grounds that they were the sole owners of the land at the time when final judgment was rendered on the appeal, and that the city did not appropriate the premises until after that date.

The assignments on this appeal which require dis-

cussion pertain to the effect of the above-mentioned proceedings upon the relations and rights of the parties, especially as between Kaufman and Gordon and D'Elia. The charter of the city of New Haven prescribes that before the board of aldermen shall decide to take any land as and for purposes such as are here involved, it shall refer the measure relating thereto to the department of public works which, after notice to all owners and mortgagees of land proposed to be taken or affected, and public hearing, shall cause a survey to be made, and benefits and damages assessed, through the bureau of compensation, and report its doings to the board of aldermen, annexing thereto a survey "showing the particular designation of the land to be taken." That board, after the necessary appropriations have been made, may accept the report, and adopt the assessment or modify the same as it may deem best and "when such report or modification shall have been accepted and recorded in the records of the board of aldermen, and when the damages shall have been paid to the person whose land has been taken or damaged for such public purpose, or shall have been deposited with the city treasurer . . . then . . . the land described in such order of the board of aldermen shall be and remain devoted to the public use for which it shall have been designated." Any party aggrieved by such order may, within thirty days thereafter, apply for relief to the Superior Court and "no land taken as aforesaid shall be occupied by the city until the time for taking appeals shall have expired, and until all appeals have been finally disposed of"; provided, if security for the payment of all such damages as may finally be awarded to the appellant be given, the city may immediately enter upon, take possession of, and use the land. Sections 78, 80, 81, 85, Special Acts, 1899, p. 412 *et seq.;* Special Acts, 1911, pp. 143, 144,

202; Special Acts, 1913, p. 1119; Compilation of 1928, §§ 126, 128, 129, 133.

The point of the present inquiry is not whether, after the order was passed by the board of aldermen on December 5th, 1927, the city could have abandoned the proposed improvement, a question which was involved in *Stevens* v. *Danbury,* 53 Conn. 9, 22 Atl. 1071; *Carson* v. *Hartford,* 48 Conn. 68, and incidentally in *Munson* v. *MacDonald,* 113 Conn. 651, 155 Atl. 910. Nor is it whether that order constituted such a taking as required the value of the property for purposes of assessment of benefits and damages to be considered as of the date of the order, as in *Shannahan* v. *Waterbury,* 63 Conn. 420, 28 Atl. 611; nor whether that date, or the time of the physical appropriation and possession of the land, or the termination of the appeal from assessment, is to be regarded as the date when the award became due and payable and from which interest thereon should be allowed, as in *Bishop* v. *New Haven,* 82 Conn. 51, 72 Atl. 646, and *Woodward* v. *New Haven,* 107 Conn. 439, 140 Atl. 814. The question here is whether the effect of the order was such as to create, as of the date of its passage, rights in the damages assessed which then enured to the owner and the encumbrancers.

It is apparent that the charter provisions attach to that order an effect surpassing a mere incipient or theoretical or proposed taking, as was attributed in the situation presented in *Stevens* v. *Danbury, supra,* or an offer, as in *Munson* v. *MacDonald, supra.* Different charter and statutory provisions and facts render those cases distinguishable. If we grant that here, as was held in *Carson* v. *Hartford, supra,* p. 86, the taking under the order remained tentative and provisional in the sense that, notwithstanding its adoption, the city might thereafter abandon the improvement

without liability on account of the assessment, it does not follow that the order was intended by the charter to have, and had, no immediate effect upon the rights of the parties respectively. The general principle applicable, in the absence of specific provision of statute or charter designating otherwise, is that when the taking for public use is by administrative order if "the formal act of some responsible body is required to effect a taking, the filing of such order definitely fixes the time and extent of the taking;" when such formal act is not required, "the first actual authorized physical interference with the property affected marks the *punctum temporis* of the taking." 2 Nichols, Eminent Domain (2d Ed.) p. 1152; *Fort Wayne & S. W. Traction Co.* v. *Fort Wayne & W. Ry. Co.*, 170 Ind. 49, 83 N. E. 665, 16 L. R. A. (N. S.) 537; *Hampden Paint & Chemical Co.* v. *Springfield A. & N. E. R. Co.*, 124 Mass. 118; *Bates* v. *Boston Elevated Ry. Co.*, 187 Mass. 328, 72 N. E. 1017. The charter provisions, quoted above, referring to the person to whom damages are to be paid as the one whose land "has been taken," and that "no land taken" shall be occupied until the time for taking appeals has expired and appeals have been finally disposed of, signify that a "taking" is regarded as having occurred before the payment or deposit of damages and before actual physical occupancy by the city. They indicate recognition of and reference to what has been denominated the "legal taking"—here by the action of the board of aldermen—presupposing a subsequent payment of damages, as distinguished from physical occupation or appropriation of the property, as to which payment or deposit of damages, prior thereto, is contemplated and required. *Keller* v. *Bridgeport*, 101 Conn. 669, 679, 127 Atl. 508.

We are of the opinion that by the order of the board

of aldermen of December 5th, 1927, the city acquired a present right to take possession of and use the Valente land embraced in the order of condemnation upon subsequent payment or deposit of the damages assessed or giving the prescribed security pending termination of an appeal, and that the parties having an interest in the land as an owner and as encumbrancers thereupon acquired present rights in the compensation for the taking, although subject to alteration in amount of the assessment on appeal, or to defeat and termination through a subsequent abandonment by the city.

The interest of holders of encumbrances in the fund assessed as compensation for the taking of real estate by right of eminent domain or by condemnation proceedings and their right to share therein according to the priority of their claims is expressly recognized by statute in this State. General Statutes, § 5077. The charter of the city of New Haven also now recognizes the interest of encumbrancers by requiring notice to them in condemnation proceedings and a right of appeal which it appears was exercised in the present instance. The holdings in *Whiting* v. *New Haven,* 45 Conn. 303, and *Norwich* v. *Hubbard,* 22 Conn. 587, that the city was not liable to a mortgagee on account of compensation assessed with reference to the mortgaged land, being based on the absence of a requirement of notice to encumbrancers, are not applicable. The statute accords with the general rule—that the award is a substitute for so much of the mortgaged property as is appropriated for public use and the mortgagee has in equity a lien on the award, securing the mortgage debt. 1 Nichols, Eminent Domain, p. 357; 2 Jones, Mortgages (8th Ed.) § 875; 20 C. J. p. 857; note 58 A. L. R. 1534 *et seq.*

After the passage of the order of condemnation on

December 5th, 1927, Kaufman and Gordon as first mortgagees and D'Elia as subsequent mortgagee had successive interests, of the nature and extent above indicated, in the damages assessed on account of the taking of the land, as well as in the remaining land not included within the order. If foreclosure of the tax lien had not intervened both would have been entitled to share in the fund when it became payable, the first mortgagees for satisfaction of the unpaid balance of their mortgage and D'Elia to receive the balance of the fund toward payment of his mortgage. The foreclosure, however, embraced all of the interests in the property including the rights in the fund. *Fitch* v. *Baker*, 23 Conn. 563, 568; *Beach* v. *Isacs*, 105 Conn. 169, 176, 134 Atl. 787. The comprehensive equitable nature of foreclosure actions in this State is incompatible with a separation and an independent right of redemption, as to each, of the land itself and the chose in action for compensation due, as in *Bates* v. *Boston Elevated Ry. Co.*, 187 Mass. 328, 339, 72 N. E. 1017. Therefore it became incumbent upon the encumbrancers subsequent to the tax lien in order of priority to protect their rights by redemption or suffer extinguishment thereof by the foreclosure judgment. D'Elia incurred the latter consequence by his failure to redeem on his law day, but Kaufman and Gordon preserved their rights by redeeming. The result is unfortunate for D'Elia and profitable to Kaufman and Gordon, but it is chargeable to the former's neglect and unwillingness to pay the relatively small sum required to redeem from the tax lien, rather than to any inequity in the applicable principles. It would be the same if, as the trial court held, the mortgagees could obtain no rights in the fund until the final judgment was rendered in the appeal from the assessment of damages, as at that time (June 13th, 1930) the

title to the property had vested in Kaufman and Gordon, at least to the exclusion of D'Elia, under the foreclosure judgment of March 28th, 1930, by their redemption on May 15th, 1930.

The remaining assignments may be disposed of without extended comment. The finding that a balance of $1000 remains owing to Kaufman and Gordon on their mortgage must stand, as it is supported by evidence. The foreclosure action brought by the city was upon a lien for taxes antedating the inception of condemnation proceedings; therefore the claims of law pertaining to taxes accruing during or after such proceedings do not apply. Also, D'Elia having been a party defendant in that foreclosure action is in no position now to attack collaterally the judgment rendered therein. *Spencer* v. *Mack*, 112 Conn. 17, 23, 151 Atl. 309. The significance claimed by the appellant is not attributable to the joinder by the present plaintiffs, with all the other parties to the appeal from the assessment of damages, in the stipulation for judgment in that action. It was proper and necessary that all of the parties of record unite in the stipulation and the participation therein by these plaintiffs is not to be regarded as amounting to a recognition by them, either by agreement or estoppel, that the fund consisting of the damages awarded under that judgment should be apportioned among the parties.

There is no error.

In this opinion the other judges concurred.