918

## UNITED STATES v. CERTAIN LANDS IN TOWN OF HEMPSTEAD, NASSAU COUNTY, N. Y., et al.

### No. 260.

Circuit Court of Appeals, Second Circuit.

July 21, 1942.

Eugene R. Hurley, of Mineola, N. Y. (Walter J. A. Mack, of Jamaica, N. Y., of counsel), for appellant.

Norman M. Littell, Asst. Atty. Gen., Harry T. Dolan, Sp. Asst. to Atty. Gen., John F. Cotter and Roger P. Marquis, Attys., Department of Justice, both of Washington, D. C., for the United States, amicus curiæ.

Before SWAN, CHASE, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This proceeding was commenced by the United States in July 1937 to acquire for military purposes several parcels of land, including one known as "damage parcel 121" and alleged to be owned by Boris and Molly Kramer. The district court appointed appraisal commissioners who awarded the sum of $558 as just compensation for parcel 121, and this sum was deposited in court on November 30, 1939. Title to the premises thereupon vested in the United States. In July 1936 the property had been sold to the County of Nassau for 1934 taxes. The period for redemption from such sale was four years. New York Laws 1919, ch. 154, § 89. The Kramers, who reside in Palestine, neither redeemed from the tax sale during that period nor applied at any time for payment of the condemnation award on deposit in the district court. On February 6, 1941, the County received a tax

deed to the premises and a month later applied to the court for payment to it of the entire award. The Kramers did not appear in the proceeding and the court directed counsel for the United States to examine into the facts and report to it as amicus curiæ. Thereafter, on October 2, 1941, an order was entered directing payment to the county of the taxes, interest and penalties due on November 30, 1939, amounting to $110.52, and payment of the balance of the award to the Kramers. From this order the county has appealed. The question presented lies within narrow compass: It is whether a purchaser at a tax sale, who acquires the tax deed after title to the premises has vested in the United States by condemnation, is entitled to the entire award. In our opinion the answer must be in the affirmative.

 If the period of redemption had expired before the condemnor acquired title, it could scarcely be doubted that a subsequently executed tax deed would carry the right to the entire award. See Morris v. Waldrop, 213 Ala. 435, 105 So. 172. In the law of New York a close analogy may be found in Gates v. De La Mare, 142 N.Y. 307, 37 N.E. 121. There a mortgage was foreclosed on land which was in process of condemnation. The foreclosure sale was had prior to the date when title vested in the condemnor but the foreclosure purchaser did not obtain a deed until after that date. The court reasoned that the condemnation award stands as a substitute for the land, the foreclosure purchaser had become entitled to a deed before the land was taken, and the subsequently executed deed, since it could not convey title to the land, should carry the award. That case, it is true, differs from the case at bar because the foreclosure sale transferred to the purchaser all the mortgagor's title, while a purchaser at a tax sale becomes only "the inchoate titleholder of the land, evidenced by the tax sale certificate." Matter of Ueck's Estate, 286 N.Y. 1, 18, 35 N.E.2d 624, 631. His inchoate title may be terminated by exercise of the owner's statutory power of redemption. But we do not regard this distinction as vital. In New York inchoate interests are not destroyed by condemnation but merely transferred to the award: witness dower. Matter of City of New York, Cropsey Ave., 268 N.Y. 183, 197 N.E. 189, 101 A.L.R. 694; Matter of New York & Brooklyn Bridge, 75 Hun, N. Y., 558, 27 N.Y.S. 597, affirmed, 143 N.Y. 640, 37 N.E. 823; subsequent ruling in same case, 89 Hun, N.Y., 219, 34 N.Y.S. 1002; see also Wheeler v. Kirtland, 27 N. J.Eq. 534.

 In the case at bar the period of redemption had not expired before title vested in the United States, but we see no reason why this should necessitate a different result. Condemnation should not extend the statutory period of redemption any more than it should obliterate the effect of the expiration of the period. Kaufman v. Valente, 115 Conn. 428, 162 A. 693. The right to redeem from a tax sale can be exercised only in the manner permitted by statute. Levy v. Newman, 130 N.Y. 11, 28 N.E. 660; People v. Moynahan, 148 App. Div. 744, 746, 133 N.Y.S. 361. Condemnation should affect the rights of parties having interests in respect to the land taken only so far as necessary to assure the sovereign's title. As between themselves the tax sale purchaser is privileged to remain quiescent and the former owner must make the payments specified in the statute if he would exercise his power of redemption. N. Y. Laws 1919, Ch. 154, §§ 89, 93. Since the award takes the place of the land,[1] it is reasonable to require the owner to redeem in order to obtain the award, just as he would have to do to recover the land, had condemnation not intervened. If the rule were otherwise the inequitable result would be that the former owner could reserve his privilege to redeem until he learned whether the award would be greater or less than the sum required to exercise the privilege. See Matter of City of New York, Widening of Boscobel Ave., 242 App.Div. 392, 395, 275 N.Y.S. 1, affirmed, 266 N.Y. 503, 195 N.E. 173.

 It is urged by the United States as amicus curiæ that the award when deposited becomes in law the property of the persons entitled to it (United States v. Dunnington, 146 U.S. 338, 351, 13 S.Ct. 79, 36 L.Ed. 996); that the county upon application to the court at any time thereafter could have received the amount required to redeem the tax sale certificate, and its delay should not enlarge its rights. To this it

---

[1] See Utter v. Richmond, 112 N.Y. 610, 20 N.E. 554; Matter of City of New York, Houghton and Olmstead Avenues, 266 N.Y. 26, 193 N.E. 539; Matter of City of New York, Cropsey Avenue, 268 N.Y. 183, 197 N.E. 189, 101 A.L.R. 694; Matter of City of New York, Rockaway Beach, 288 N.Y. 51, 41 N.E.2d 454.

920

may be answered, first, that the condemnor, having paid into court just compensation for the land, has performed its full duty and is not concerned as to whom or when the court distributes it; the condemnor is not even entitled to notice of the order of distribution. See United States v. Dunnington, 146 U.S. 338, 351–353, 13 S.Ct. 79, 36 L.Ed. 996, and cases there cited; City of St. Paul v. Certain Lands, etc., 8 Cir., 48 F.2d 805, 807. Secondly, exercise of the statutory power of redemption required *payment* to the county; had the former owners paid the money into court and notified the county to go and get it, this would not have been compliance with the statute, and no reason is apparent why the deposit by the United States should be more effective. Finally, it may be noted that the Kramers could have applied to the court to withdraw the deposit [see United States v. Certain Lands, etc., D.C.E.D.N.Y., 39 F. Supp. 91, 99] or part thereof, and could thereby have obtained the funds with which to redeem the tax sale certificate before expiration of the period of redemption. If equities between the parties are open to consideration we think they lie with the county, which was privileged to remain quiescent until its inchoate title became absolute unless payment was made or tendered. As this did not occur, we think the tax deed was effective to carry the right to the entire award. Accordingly the order is reversed and the cause remanded for further proceedings in conformity with this opinion.