Howard T. Hogan, J.
In this action pursuant to article 15 of the Real Property Law, the plaintiff prays for a judgment (1) barring all claim by the defendants to any estate or interest in the property described in the complaint, and (2) adjudging the plaintiff to be the owner of an absolute and unencumbered title in fee to said property. One guardian ad litem has been appointed for an infant'defendant and another has been appointed to represent unknown defendants.
The evidence submitted satisfies the court that the plaintiff is entitled to the judgment prayed for in the complaint.
The guardian ad litem for the infant defendant Robert Gerard Hague, contends that the infant’s right to redeem that portion of the property described in the complaint which was formerly owned by a parent of the infant had not expired when this action was commenced. Said property was sold for taxes to the County of Suffolk in November, 1951, and a quitclaim deed was delivered to the plaintiff in December, 1954. This action was commenced *641 in April, 1955. The infant’s guardian urges that although the Suffolk County Tax Act provides for a period of redemption of 36 months after the date of the tax sale (Suffolk County Tax Act, § 49, added by L. 1929, ch. 152), the infant who had the right to enter upon the real property during said three years should be granted the additional two years for redemption allowed to an occupant (Tax Law, §§ 137, 152-a, 152-b) because his disability was responsible for his failure to make an entry upon the property.
It has been held (Levy v. Newman, 130 N. Y. 11) that the statutes providing for the redemption of lands sold to enforce the collection of taxes are applicable (p. 13) “ to infants and persons under disabilities, unless they are excepted from their operation.” (Italics supplied.)
The term ‘1 occupant ’ ’ has been defined by section 134 of the Tax Law to be “ a person who has lawfully entered upon the land so occupied, and is in possession of the same to the exclusion of every other person.”
Clearly the infant was not an occupant of the property. Therefore the three-year period for redemption applied.
The guardian ad litem for unknown parties defendant has requested that it be expressly provided in any judgment entered herein that the rights of unknown defendants presently in military service are not barred thereby. The rights of such persons are adequately protected by the Military Law and such judgment cannot impair those rights.
Submit judgment on notice.