INTERSTATE FUR MANUFACTURING COMPANY, INC., ET AL. *v.* REDEVELOPMENT AGENCY OF THE CITY OF DANBURY

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued February 8—decided March 7, 1967

*Raphael L. Elias,* of the New York bar, with whom was *Norman A. Buzaid,* for the appellant (plaintiff Skins Trading Corporation), and *Harry Cohen,* for the appellant (plaintiff Evelyn F. Kubisek).

*John P. Sjovall,* with whom were *Julius J. Bielizna* and, on the brief, *Edward J. Hannafin,* for the appellees (plaintiff Baker et al.).

HOUSE, J. This is an appeal from a Superior Court judgment based on a referee's report determining the equities of mortgagees, tax lienors and various other creditors in a fund constituting the money paid by the defendant for certain premises in Danbury acquired by the defendant under its right of eminent domain. The controlling issue before us is a very narrow one although it arises from a set of complicated circumstances, many of which are not relevant to the present appeal.

The named plaintiff, hereinafter referred to as Interstate, owned premises in Danbury which, in May, 1963, were acquired by the defendant pursuant to its power of condemnation. At the time of the taking, the premises were subject to many encumbrances including a first mortgage dated November 9, 1950, from Interstate to the plaintiff

Skins Trading Corporation, hereinafter referred to as Skins. On April 25, 1952, Skins sold a 30/56th share of this mortgage to the plaintiff Mrs. Evelyn F. Kubisek with the result that on any question of priorities the interests of Skins and Mrs. Kubisek are the same.

When the mortgage was executed, Interstate was indebted to Skins in the amount of $54,524.69 as evidenced by various trade acceptances and promissory notes given to Skins for materials furnished. To secure this debt and "additional sums to be advanced in goods, wares and merchandise within the next year to said mortgagor," Interstate mortgaged the subject premises to Skins. The mortgage deed incorporated the loan agreement between the parties and included, in addition to a provision for payment on or before November 30, 1951, and payment of costs of foreclosure, if any, an unusual provision, which gives rise to the present controversy: "It is intended and agreed by the parties hereto that the lien on the described premises created by said note, agreement, and this mortgage, shall not, under any circumstances whatsoever, now or hereafter, exceed a total in excess of the sum of Sixty Thousand Dollars ($60,000.)."

Interstate defaulted on its payment of the mortgage, neither Skins nor Mrs. Kubisek received any interest, and Skins, subsequent to the maturity of the mortgage, advanced $6102.76 for the payment of fire insurance premiums on the mortgaged premises. As a result, when the mortgaged premises were taken by the defendant, the total debt claimed by the mortgagees from Interstate, including principal, accrued interest and reimbursement for fire insurance premiums, greatly exceeded $60,000.

The parties all agree that the award paid by the

condemning agency is to be distributed to each mortgagee, lienor or other encumbrancer according to the priority of claims against the condemned property. General Statutes §§ 8-128, 48-21; *Kaufman* v. *Valente,* 115 Conn. 428, 434, 162 A. 693. From the award, the court in 1963 ordered distribution of $32,102.76 to Skins, this sum representing $26,000 on the principal of the mortgage debt and $6102.76 by way of reimbursement for the fire insurance premiums paid by Skins. Similarly, Mrs. Kubisek received $30,000 from the condemnation funds, representing the principal of Interstate's indebtedness to her under the first mortgage. The referee found that as of May 25, 1963, accrued and unpaid interest at 6 percent on the respective obligations totaled $18,362 on Interstate's debt to Skins and $20,175 on its debt to Mrs. Kubisek. The referee also found the amounts due to subsequent encumbrancers and the order of their priority and filed his report with the court. The court decided that the lien of the mortgage was limited to $60,000, and accordingly Skins and Mrs. Kubisek were not entitled to any further distribution from the proceeds of the condemnation funds, which it directed to be distributed in accordance with the referee's report to subsequent encumbrancers in the order of their priority. It is from the judgment based on this conclusion that the present appeal has been taken, Skins and Mrs. Kubisek claiming that they are entitled to payment of accrued interest of approximately $38,500 before any distribution is made to encumbrancers subsequent to their mortgage. The subsequent encumbrancers make no claim for the sum already paid to the mortgagees in excess of $60,000 but urge that the judgment as rendered be affirmed.

The trial court concluded that the express language contained in the mortgage deed meant exactly what it said, that "the lien on the described premises created by said note, agreement and this mortgage, shall not, under any circumstances whatsoever, now or hereafter, exceed a total in excess of the sum of Sixty Thousand Dollars ($60,000.)." This language is certainly clear, definite and emphatic, and the court could not reasonably have reached any other conclusion. There is no ambiguity. A lien is " '[a] hold or a claim which one person has upon the property of another as a security for some debt or charge.' It is 'a qualified right which in certain cases may be exercised over the property of another.' " *Connecticut Co.* v. *New York, N.H. & H.R. Co.,* 94 Conn. 13, 31, 107 A. 646 (quoting from 2 Bouvier, Law Dictionary [3d Rev.], p. 1978); 33 Am. Jur. 419, Liens, § 2; 53 C.J.S. 826, Liens, § 1. Regardless of the amount of the debt which may be owing from Interstate to Skins and Mrs. Kubisek, the extent of the lien securing that debt was, by the parties, expressly limited to $60,000. Since the lien attached to the fund to the same extent that it had attached to the mortgaged premises, Skins and Mrs. Kubisek had a security interest in the fund prior in interest to subsequent encumbrances only to the extent of $60,000.

The judgment as rendered did not direct final distribution because interest was accruing on the fund on deposit and running on the claims of encumbrancers. Accordingly, the case must be remanded for a determination of the exact amounts now due the claimants in the order of priority as determined by the report of the referee and the judgment of the court which we affirm.

There is no error; but the cause must be and is remanded for further proceedings as to final distribution in accordance with the judgment and this opinion.

In this opinion the other judges concurred.