[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By order of reference to me by the Court (M. Hennessey, J.) the following are before me as a State Trial Referee:
1. Motion for Payment of Excess into Court
2. Objection to said Motion
3. Motion for Order
On November 18, 1991, as a Trial Referee, I filed a Memorandum of Decision concerning the Plaintiff's reassessment CT Page 722 appeal under Eminent Domain. It ordered the Commissioner of Transportation to pay to the Plaintiff the further sum of $53,000 plus interest. This was in connection with the Plaintiff's land in the City of Hartford which was the subject of Condemnation by Eminent Domain provided for by General Statute13a-76 (included in Chapter 128, Highway Construction and Maintenance).
The Commissioner of Motor Vehicles claims to hold a mortgage on the subject premises in the sum of $100,000. He has been granted permission by the Court to Intervene in this action because he claims that the mortgage constitutes a lien against the award. In view of these Motions it now becomes pertinent to consider the State's claim that under General Statute 48-21
(Notice to encumbrancers of land taken for public use. Payments to encumbrancers. Disputes as to amounts due, their Motions should be granted. They also base their claims under General Statute 52-484 (Action in nature of interpleader).
As to the claims concerning interpleader, this is not a tenable ground because the State is both a claimant and an interested party. It is of the essence of an interpleader suit that the plaintiff shall be entirely indifferent to the conflicting claims, asserting no interest in himself in the fund or property in dispute. 45 Am.Jur.2d "Interpleader" Sec. 13 p. 441. In this case the State is a claimant to the award.
As to the State's claims for relief under General Statute48-21 a different conclusion is reached. That Statute provides that in a condemnation proceeding all persons who are holders of record of any mortgage shall receive notice; that the mortgagee shall be paid; that in case of dispute as to the amount due any mortgagee, the money may be deposited with the Clerk of the Superior Court; and that the court may determine the rights of all parties in the fund.
This Statute has been interpreted by our Supreme Court in Kaufman v. Valente 115 Conn. 428, 434, (1932) with the Court making the observation that the statute accords with the general rule that the award is a substitute for so much of the mortgaged property as is appropriated for public use and the mortgagee has in equity a lien or the award securing the mortgage debt. The Statute at that time was General Statute 5077 (Rev. 1930). It is essentially the same as the present General Statute 48-21.
It is noted that the present Statute provides for notice to be given encumbrancers when the action is brought under General Statute 48-21. However, notice was not necessary in this case because of the State's presence in this case as CT Page 723 defendant.
In addition to that Statute it is concluded also that, quite apart from any statutory remedy, there exists at common law a right in the State to proceed against the award. In this connection the following from Nichols on Eminent Domain, 3rd. Ed. Vol. 2 Section 5.17 is pertinent:
 It is well settled that the award [of damages resulting from condemnation by eminent domain] stands in place of the land and is subject to the same liens, and that consequently a lienor may proceed against the award upon general equitable principles, and without the aid of any statute. He may have his lien satisfied out of the fund awarded to the owners of the legal title as compensation for the land in advance of other creditors. [citing cases]. The lien, however, must be in existence when the right to compensation vests and must affect the interest which is taken by eminent domain. Where there is only a partial taking of the property subject to the lien, the lienor is not compelled to accept a proportionate payment but may insist upon complete satisfaction of the lien out of the award.
The Plaintiff claims that the procedure here involved deprives him of his rights as to prejudgment remedies as provided in Chapter 903a of the General Statutes 52-278a (Definitions). That Statute defines a prejudgment remedy as meaning any remedy that involves an "attachment, foreign attachment, garnishment, or replevin". None of these remedies are involved in the present case. This is a statutory procedure prescribed by General Statute 48-21 which calls for the deposit of the award with the Clerk of the Court and also for a hearing which the parties may present their claims.
The Plaintiff also asserts in general terms a lack of due process. However, there appears to be adequate notice and opportunity to be heard and nothing present which is constitutionally offensive.
In view of the foregoing, the following orders are entered:
 1. The Motion for Payment of Excess into Court is granted.
 2. The Plaintiff's Objection to said Motion is over-ruled.
CT Page 724
 3. The Excess sum of $53,000 plus any accrued interest shall be paid to the Clerk of the Court for the Judicial District of Hartford/New Britain at Hartford and said Clerk shall place said sum in said accounts until directed by the Court to make distribution.
JOHN M. ALEXANDER, STATE TRIAL REFEREE