## BOARD OF LEVEE COMMISSIONERS *v.* G. WIBORN.

EMINENT DOMAIN. *Laws of* 1884, *p.* 166. *Mortgagee.*

> Whether a mortgagee be, or be not, a proper party to a condemnation proceeding, a payment by the levee board, with full knowledge of the mortgage, to the mortgagor of the damages awarded, will not, under laws 1884, p. 166, preclude a suit therefor by the mortgagee.

FROM the chancery court of Washington county.

HON. A. H. LONGINO, Chancellor.

In 1892, G. W. Smith owned lands near the Mississippi river, in Washington county, upon which appellant held a mortgage to secure a large sum of money. On the ninth day of April, of said year, the board of Mississippi levee commissioners instituted proceedings to condemn a part of said lands, under the act of 1884 (Laws 1884, p. 166), for levee purposes, but appellant was not made a party to the proceeding. There was awarded $1,301.60 as damages. The award recited: "To the mortgagee, G. Wiborn, we award nothing, as his security for his debt is ample." The award was paid to Smith, the mortgagor. Wiborn's security, contrary to the recital of the award, proved insufficient to pay his debt by a sum in excess of the amount of the award, and he instituted this suit against appellant to compel it to respond to him for the sum of the damages assessed. Appellant's demurrer to the bill was overruled by the court below, and it appealed to this court.

*Walter Sillers,* for appellant.

In view of the fact that the rule in our court is that the mortgagor is the owner of the mortgaged property until after foreclosure, and that the mortgagee has only a lien on the prop-

erty mortgaged, we see no reason for making the mortgagee a party to the condemnation proceedings. But if the mortgagee was a proper party, and was not made so, his remedy is still open to him. He can summon the commissioners and have the land condemned. If he has no right to institute proceedings before the commissioners to assess levee damages, he has no right to have the award applied to his debt, unless he had proceeded before the award was paid over. If the mortgagor was not entitled to have the condemnation proceedings, such proceedings were void, and Wiborn should have treated same as a nullity and proceeded before the commissioners for reassessment of damages. In neither event can he maintain this suit.

*E. N. Thomas*, for appellee.

It was the duty of the treasurer of the levee board, when the award was signed and delivered to him, showing on its face, as it did, that there were conflicting claims to the amount of said award, to pay the amount to the chancery clerk of the county, and to cause the award and receipt of clerk to be recorded. Laws 1884, pp. 166, 167. The payment of the amount awarded should have been made to the mortgagee, G. Wiborn, and not to the mortgagor, C. H. Smith. Mills on Eminent Domain, p. 74, states: "A statute requiring notice to occupants or owners would require notice to a mortgagee, especially if his mortgage was of record, and the doctrine of New York, which is supported by the best logic, is that the damage should be paid to the mortgagee, because his security is depreciated, and the damage, when paid, go in solution of the debt." But it is said our remedy was by appeal to the circuit court. We had no notice of the condemnation proceedings; we had no notice of the signing and delivery of the award, nor of the payment of the amount awarded to C. H. Smith. We, therefore, were not parties to the proceedings. 66 Miss., 253; 68 *Ib.*, 26, 27; Mills on Eminent Domain, 96. Without being parties we could not appeal. But appellant did not give us

opportunity to appeal. In two days after the award was signed and delivered it was paid Smith, and there could have been nothing to appeal.

COOPER, C. J., delivered the opinion of the court.

There is great conflict of decision upon the question whether a mortgagee out of possession, but whose mortgage is duly recorded, is an "owner" of the land, within the meaning of that word, when used in statutes authorizing the exercise of the power of eminent domain on notice to, and proceedings against, the "owner" of lands. In some states it is held that, while the mortgagee has only an incumbrance on the land as security for his debt, that security is valuable as property, often far exceeding the real interest of the mortgagor, and, therefore, such mortgagee should be regarded in law, as he is in substance, the owner of the property, under statutes authorizing third persons or the public to take the land. In others it is decided that the mortgagee, especially before forfeiture, has no estate in the land, but only a security for his debt, and therefore is not owner of the land. In these states it is reasoned that neither the character of the tribunal by which the award of compensation is made, nor its machinery, qualify it to discharge the duty of settling conflicting claims to the fund awarded; that one who accepts a mortgage upon land, does so with notice of the fact that the property may be subjected to public uses, and upon payment to the mortgagor. It is, however, held in all the states, that the fund, when awarded, stands so far in the place of the land taken, that the mortgagee may, by seasonably proceeding, arrest its payment to the mortgagor, and secure its application to the mortgage debt.

We are not called upon by the facts of this case to determine whether, upon proceedings to condemn lands under statutes providing only that payment shall be made to the "owner" of the land, a mortgagee is or is not a necessary party. The act under which the condemnation now under investigation was

made (Acts of 1884, p. 166), provided that: "In event that the owner or owners of said land, material or other property are unknown, or the said commissioners of damages are uncertain who they are, or there are conflicting claims to the amount of said award, or part thereof, then said levee treasurer may pay the same to the chancery court clerk of the proper county for such person as it may properly belong to," etc.

The report of the commissioners showing what sums were awarded to the mortgagor, and to his tenants who had crops growing on the land, states that: "To the mortgagee, G. Wiborn, we award nothing, as his security is ample." This statement that the security held by the mortgagee was ample, seems to have been not true, for upon sale of the mortgaged property there remained a balance due of something like $20,000 over and above the sum realized at such sale.

The levee commissioner, by the very return of the award, had knowledge of the fact that there was a mortgage upon the land appropriated, due to the appellee; the statute under which the proceedings were had empowered the treasurer, as the officer of the board, to deposit the sum awarded in the hands of the chancery clerk, and thus to discharge the debt due by the board. In the face of this knowledge, and with full power to protect all parties in interest, he elected to pay the sum awarded to the mortgagor; and the single question is whether, under these circumstances, such payment can be interposed as a bar to the demand of the mortgagee. We think such payment does not preclude a recovery by the mortgagee, and, that whether he was or was not a necessary party to the proceedings, the statute manifestly contemplated just and equitable action on the part of the officers of the board in the payment of awards, and the provision that in cases of doubt the money might be paid over to the clerk of the chancery court was intended not only to protect the board from the danger of being required to pay twice for the same land, but to preserve to parties having claims upon the fund the opportunity of asserting their rights by proper

judicial proceedings. The fund in the hands of the treasurer was, by necessary implication, made to stand for the land, in reference, at least, to conflicting claims known by him to exist. As to such funds he stood in the relation of a mere stakeholder, and, if he was guilty of the folly of assuming to determine to whom it should be paid, the consequence of a mistake must fall upon the board whose officer he was, rather than upon an innocent third person entitled to the fund, and of whose rights the board, through its agent, had full notice.

*The decree is affirmed.*