FRANK S. MILLER *v.* BOARD OF MISSISSIPPI LEVEE COMMISSIONERS.

1. VENDOR AND VENDEE. *Lands. Damages. Right of action for injury to land.*

   A vendee of lands cannot recover for damages done to the freehold before his purchase.


2. SAME. *Mortgage.*

   The right to recover for damages done to land while subject to a mortgage does not pass to a vendee of the purchaser at a foreclos, ure sale under the mortgage.


3. SAME. *Lands taken for levee purposes. Laws 1865, p. 51. Laws 1884, p. 163.*

   Where lands were purchased for levee purposes by the board of Mississippi levee commissioners from a mortgagor, and the mortgage was afterwards foreclosed, a vendee of the purchaser at the foreclosure sale cannot maintain a suit for damages against the board, under laws of 1865, p. 51, as amended, laws 1884, p. 163 providing a statutory proceeding for compensation by persons whose lands are taken by said board.


ON SUGGESTION OF ERROR.

4. SAME. *Legal title.*

   The legal title to lands purchased for levee purposes by the board.of Mississippi levee commissioners from a mortgagor is not involved in a statutory proceeding instituted against the board for damages, under said acts, by the vendee of a purchaser at a foreclosure sale.

FROM the circuit court of Bolivar county.

HON. F. A. MONTGOMERY, Judge.

Miller, the appellant, was plaintiff in the court below; the board of Mississippi levee commissioners, the appellee, was defendant there. The proceeding was a statutory one, under laws 1865, p. 51, as amended, laws 1884, p. 163. The facts are stated in the opinion of the court.

*Fontaine Jones*, for appellant.

Section 3 of the act of 1884, p. 164, provides that, when there are conflicting claims to the amount of the award for compensation, the levee treasurer may pay the same to the chancery court for such person as it may properly belong to, etc., and it has been decided that, when the levee treasurer, in such case, elects to pay to a particular person, the levee board assumes the risk, and, if it afterwards transpires that compensation was paid to the wrong party, the levee board must pay to the proper party, and thus make double payment. *Mississippi Levee Commission* v. *Wiborn*, 74 Miss., 396, in which case the court said that the treasurer has no right to assume to decide who is entitled to the award, and, in case he does so, and pays over the money to the mortgagee, such payment is no defense to an action by the mortgagee against the commissioners to recover the same.

The payment to Mrs. Mason in the present case was not even made under an award, but was entirely voluntary on the part of the treasurer, with full notice of the incumbrance on the property.

If, under the circumstances, Mrs. Mason had the right to sell and convey $13\frac{30}{100}$ acres of the tract freed from the lien of the trust deed, what are the limitations upon this right?

*Walter Sillers*, for appellee.

Appellant is not entitled to recover in this case, because, at the time of the taking of this strip of land by the levee board,

Mrs. Josephine Mason was the owner of the land, and had a right to the damages which she sustained by reason of the taking of her land for levee purposes. The fact that the land was mortgaged to the Equitable Mortgage Company did not affect her right to the damages, unless the taking of the strip impaired the security of the mortgage company to such an extent as to cause it loss. In such case, only the mortgage company could complain. See § 2449, code of 1892; *Buck* v. *Payne*, 52 Miss., 271, and *Illinois, etc., R. R. Co.* v. *Hawkins*, 65 Miss., 200; *Levee Board* v. *Wiborn*, 74 Miss., 398.

CALHOON, J., delivered the opinion of the court.

In 1894 Mrs. Josephine Mason was the owner in possession of a large tract of land, including the $13\frac{30}{100}$ acres about which this controversy has arisen. But she so owned and held the whole subject to a mortgage given to secure the Equitable Mortgage Company a loan of $20,000. In this condition of things the board of levee commissioners wanted the $13\frac{30}{100}$ acres for levee purposes, and such proceedings were had that the damages were ascertained to be $535, which sum was paid to Mrs. Mason, and she executed a conveyance of the $13\frac{30}{100}$ acres to the board. It followed, of course, that the mortgage company, under *Board* v. *Wiborn*, 74 Miss., 396, s. c. 20 South., 861, if necessary to its security, might have sued for and recovered this sum of money from the board, notwithstanding the previous payment to Mrs. Mason. All the proceedings and payment and the conveyance were in 1894. Afterwards, in February, 1895, conveyance was made, under foreclosure of the mortgage, to the Equitable Sureties Company, which may be conceded to be or not to be the same thing with the Equitable Mortgage Company, so far as this case is concerned, for a recited consideration of $10,000, being but one-half of the amount of the mortgage debt. In January, 1896, the Equitable Sureties Company conveyed the whole tract to R. M. Harding for $20,000. Afterwards, in the same year (1896), R. M.

Harding conveyed the tract to F. S. Miller and C. B. Miller for $25,000, and after that C. B. Miller conveyed his interest to appellant, F. S. Miller, who, on January 8, 1900, filed his petition for damages with the circuit clerk, under the act for such cases, and had commissioners appointed, who assessed the $13\frac{70}{100}$ acres used for levees at the value of $535, and the board of levee commissioners appealed to the circuit court, which gave judgment for the board, and F. S. Miller appeals.

The court below was manifestly right. When the damage was done, Mr. Miller had no sort of connection with the land as either owner or mortgagee. No one was damaged except Mrs. Mason or her mortgagee. She was paid, and her mortgagee never made complaint, and Mr. Miller bought the land in its then damaged condition. A right to sue for damages previously sustained does not go with the transfer of the land by mere conveyance of the land.

*Affirmed.*

### SUGGESTION OF ERROR.

*Fontaine Jones* and *McWillie & Thompson*, for appellant, after the delivery of the foregoing opinion, presented the following suggestion of error:

Believing it possible, from some expressions in the opinion, that the court overlooked one of the facts of this case, the appellant would respectfully suggest error in the decision of affirmance.

There were no condemnation proceedings and award of damages, as the court evidently supposed. The record shows that, an agreement having been reached between Mrs. Mason, the mortgagor, and the levee board as to the price of the land, she thereupon conveyed the same to the board. The transaction was one simply of a sale and conveyance by the mortgagor of a part of the mortgaged premises.

We do not dissent from the reasoning of any of the cases cited in behalf of the appellee, but they in nowise apply to the question in hand. It is true that, except as against the mortgagee and his assigns, etc., a mortgagor is the owner until foreclosure, and that the right of the mortgagee to possession even does not arise until there has been a breach of condition, and then only for the purpose of making his security available.

The present controversy involves another question quite apart from those touching the mortgagor's relations to the property prior to, and when there might never be any, foreclosure. The question here has reference only to those cases where there has been a foreclosure, and involves the ascertainment of the interest in the estate acquired by one who has purchased at foreclosure sale. Is this interest commensurate with the estate mortgaged, or not? If it is not, to what extent can a mortgagor reduce the subject of the mortgage during the continuance of the lien? Suppose, in the case before us, Mrs. Mason, instead of conveying away the $13\frac{3}{100}$ acres, had retained that parcel and conveyed away the balance of $2,866\frac{7}{100}$, or had conveyed the whole, would the purchaser at foreclosure sale have taken the estate as so reduced, or no estate at all?

It is undoubtedly true that a mortgagor can only convey his equity of redemption, and that by foreclosure of the lien this equity is cut off in each and every part of the mortgaged premises. And the purchaser at foreclosure sale does not take the estate as diminished by transfers made by the mortgagor in the interval between the date of the mortgage and the foreclosure. He takes the whole of the estate covered by and vendible under the lien. In Jones on Mortgages, the rule is thus stated: "As the title of the purchaser relates back to the execution of the mortgage, it does not matter to him what disposition the mortgagor may have made of the property. . . . . In this respect the purchaser's rights are the same, whether the sale be under a decree of a court of equity, under a judgment in *scire facias* or under a power in the mortgage or trust deed.

The title takes effect by virtue of the original deed; the sale carries that title, and cuts off all liens and interests created subsequent to the mortgage.  . . . .  Title acquired by foreclosure relates back to the date of the mortgage, so as to cut off intervening equities and rights.  If all subsequent purchasers and incumbrancers are made parties to the bill, the title under the mortgage foreclosed is forfeited to an absolute one.  In such case the purchaser acquires the title of the mortgagee and also the title of the mortgagor as it stood at the time of the making of the mortgage.''

We also invite attention to the numerous authorities which this learned writer cites in support of his text, and also to that portion of his work in which he carefully states the right of a mortgagor to recognition as owner prior to foreclosure, and when it could not be known whether there would ever be any foreclosure or not.  He certainly did not think that the recognition of this right in the mortgagor in anywise affected the right of a purchaser at foreclosure sale, which, though a new right, related back to the date of the mortgage for the ascertainment of its extent.  *Vide* 5 Ballard's Law Real Property, sec. 599.

There is an intimation in the opinion of the court that the purchaser at foreclosure sale took the property in its damaged condition.  We think that, on reference to the record, it will be conceded that the land in controversy has never been taken at all by the purchaser.  The levee board is in possession, occupying it with the levees constructed on it, and claiming it adversely under the deed of the mortgagor, Mrs. Mason.

We cannot regard the case of *Levee Board* v. *Wiborn*, 74 Miss., 396, as at all adverse to the appellant's contention.  In that case it was held that, where there had been a condemnation and appraisement, and the amount of the award paid over to the mortgagor, the mortgagee might still maintain his action for the damages assessed.  As far as the decision went, it rather sustains the position taken by the appellant, but it is

dissimilar to the case at bar in many of its features. There the commissioners appointed to assess levee damages adjudicated the damages. Here there was no action by the commissioners and no damages assessed, Mrs. Mason simply consenting to take a specific sum and conveying the land to the board. There was no proceeding and no opportunity for the mortgagee to intervene and claim the price of the land. In that case the mortgagee's right of action was upheld because it appeared from the award of the commissioners that the board had knowledge of the mortgage, and erroneously treated the security of the mortgagee as ample. In this case the board had knowledge of the mortgage, which was of record, and erroneously treated the security of the mortgagee as ample, while the proceeds of sale on foreclosure were only about one-half of the mortgage debt. The stress laid by the court in the case mentioned on the purpose of the statute in providing that, in cases of doubt, the amount assessed should be paid over to the chancery clerk for the better protection of the rightful owner, is worthy of consideration, and shows that the legislature could not have intended that, by a quiet deal with the mortgagor, the board could take land regardless of the interests of the mortgagee, or the purchaser, who might acquire at foreclosure sale all the interests of both the mortgagee and mortgagor at the date of the mortgage.

The court will observe that, even under our statute (§ 2449, code of 1892), the grantor in a trust deed is not the owner, as against the trustee, after breach of condition, and that the appellees, who rely on the ownership of the grantor, have not shown that their conveyance from her was made prior to breach of condition. We are not confident that the appellee would have to bear the burden of proving that Mrs. Mason's conveyance was prior to breach of condition, but offer the suggestion as collateral to our argument on the main question. However that may be, we submit that the appellant is entitled to get the actual cash value of his $13\frac{30}{100}$ acres.

The court is respectfully invited to consider the rights of the parties, mortgagor and mortgagee, before the execution of Mrs. Mason's deed to the levee board, and to follow that by consideration of all the rights of all the parties after the execution of that deed. Surely the mortgagee lost nothing by the execution of Mrs. Mason's deed to the board. The $13\frac{30}{100}$ acres conveyed by her remained subject to the mortgage; the trustee had the right to sell the $13\frac{30}{100}$ acres, and the right to sell carried with it the right to buy. The securities company did buy the legal title, and thereby extinguished the equity of redemption, and became the absolute owner of the $13\frac{30}{100}$ acres. This perfect title was conveyed to Miller, and when this proceeding was begun he had such title, and the levee board was in possession without right or title. He cannot oust the levee board by ejectment or other possessory action, and has pursued the only remedy open to him.

The levee board stood in the shoes of Mrs. Mason as to the $13\frac{30}{100}$ acres, having her equity of redemption in that parcel, but this right was subject to be terminated by a foreclosure, and only existed until foreclosure, when the purchaser took an absolute title to that parcel as well as to the balance of the plantation.

### RESPONSE TO SUGGESTION OF ERROR.

CALHOON, J., delivered the opinion of the court in response to the suggestion of error.

The suggestion of error points out a mistake of fact in the opinion, in that it (the opinion) says: "The board of levee commissioners wanted the $13\frac{30}{100}$ acres for levee purposes, and such proceedings were had that damages were ascertained to be $535, which sum was paid to Mrs. Mason, and she executed a conveyance of the $13\frac{30}{100}$ acres to the board." In fact there

seems to have been no regular condemnation proceeding, but proceedings were had *in pais* by which the damages were agreed on to be $535, whereupon the board paid that sum to Mrs. Mason, and she conveyed the land to the board, all in exact conformity to the statute, authorizing either formal condemnation or "compromise by agreement." Laws 1884, p. 169. Between the two modes, so far as either affects this case, there is not the difference even of the hair that divides the "south from sou'west side." The point, at last, is that the damages were ascertained and paid, and, in the whole world, only the Equitable Sureties Company, the mortgagee, could complain. Certainly Mr. Miller, a remote vendee, who bought the land so damaged, has no place in court to sue for damages inflicted years before he owned the property, whether the injury was to one acre or all the acres.

Neither the former opinion nor this deals in any manner with the legal title to the land as damaged. That question is not before us. "Sufficient unto the day is the evil thereof."

*Suggestion of error overruled.*