SOUTHERN NEW ENGLAND RAILWAY COMPANY FOR CON-
DEMNATION OF CERTAIN LANDS.

JULY 7, 1916.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1) *Condemnation Proceedings. Probate Law. Right of Purchaser from Executor to Claim Under Condemnation Proceedings.*

A tract of land was devised to various devisees and pending the settlement of the estate a portion of the tract was taken under condemnation proceedings and the devisees filed their claim for damages. Later the probate court authorized the executor to sell "all the right, title and interest which the deceased had at the time of his death" in the tract and the land taken by condemnation was not excepted or referred to. Thereafter the executor conveyed to the purchaser "all the right, title and interest" which testator

at the time of his decease had in said tract, not excepting or referring to the land taken.

*Held*, that while the damages should be treated as land and held to stand in the place of the land as it was owned when taken for the purpose of determining to whom the money should be paid, the *claim* for damages was not land and did not pass under the deed purporting to convey solely a right, title and interest in land.

*Held*, further, that the probate court in directing the sale of all the interest which testator had in the land at the time of his death exceeded its power, since a portion of the tract had been taken by paramount authority and the executor's power was restricted to the lawful authority given him.  Neither would the claim for damages pass to the purchaser under the language of the deed for in no sense was it a part of the interest of testator in the land at the time of his death.

(2)  *Probate Law.  Reaching Claim Under Condemnation Proceedings for Purpose of Paying Debts of Deceased.*

Without deciding whether a probate court can reach a claim for damages under condemnation proceedings, or follow the amount of damages when paid to the heir or devisee and make it available for the payment of debts, equity furnishes a procedure for rendering such a claim and the damages when ascertained and paid, available for the payment of the debts of deceased.

PETITION to intervene in condemnation proceedings. Heard on exception of petitioner and overruled.

SWEETLAND, J.  This is the petition of the Eureka Land Company to be permitted to intervene in the claim of Joseph B. Cook *et al.*, for damages for the condemnation of certain land by the Southern New England Railway Company and to prosecute said claim.

It appears that said Joseph B. Cook *et al.*, are devisees under the will of Joseph B. Cook, Sr., late of Cumberland, deceased; that by the terms of said will the testator devised to said Joseph B. Cook *et al.*, among other lands, a certain tract of land in Cumberland of which the testator died seized and possessed.  The testator died on February 27, 1910.  His will was duly probated on April 7, 1910.  On April 12, 1910, the act of the General Assembly of Rhode Island incorporating the Southern New England Railway Company was approved.  Said act among other things authorized said company to acquire in certain cities and towns, including the town of Cumberland, by condemnation, "lands

and interests and estates in lands." The act further provided that "whenever said corporation may take any lands or any interests or estates therein it shall file in the Superior Court a certificate containing a general description of said lands and shall accompany said certificate with a plat showing the location of said lands. The act further provided that the corporation should give such security as the. Superior Court may require for the payment of all such costs and damages as may be finally awarded to any person interested in the lands taken; and that "Whenever said corporation shall have given the security fixed by the court as hereinbefore provided it may immediately enter upon, take possession of and use such lands." On June 30, 1911, said railway company filed in the Superior Court a certificate and plat, in conformity with said act, therein respectively describing and delineating certain lands, by said company taken, including a portion of said tract of land in Cumberland devised to Joseph B. Cook *et al.*, by the will of Joseph B. Cook, Sr.; and on December 8, 1911, said railway company gave the security required by the Superior Court for the payment of all costs and damages that might be finally awarded to any person interested in the land taken in said condemnation proceedings. On April 17, 1912, Joseph B. Cook, *et al.*, filed in the Superior Court their claim against said railway company for damages for the taking of said portion of the tract of land in Cumberland devised to them by the will of Joseph B. Cook, Sr.

After all the aforenamed proceedings were had, on January 2, 1913, the executor of the will of Joseph B. Cook, Sr., represented to the probate court of Cumberland that the personal estate of the deceased was not sufficient to pay the debts of said deceased. On the same day, said probate court by its decree authorized the executor to sell according to law "all the right, title and interest which the deceased had at the time of his death" in certain described real estate, including the tract of land in Cumberland which has been referred to above. In said decree this tract of land was

described by metes and bounds as it stood in Joseph B. Cook, Sr., in his lifetime; and the land theretofore taken by said railway company was not excepted or referred to. Thereafter said executor, on April 8, 1913, by virtue of the authority vested in him by said decree made a deed to the Eureka Land Company, a corporation, purporting to convey to it "all the right, title and interest which said Joseph B. Cook at the time of his decease had," in and to said tract of land. In said deed the land taken by said railway company is not excepted or referred to. Subsequently, said Eureka Land Company made a certain conveyance of said land and an assignment of claim, which it is unnecessary to set forth here as they do not affect the discussion of the question before us. On November 16, 1915, the Eureka Land Company filed in the Superior Court this petition for leave to intervene in said claim for damages filed by Joseph B. Cook et al., and to prosecute said claim. The contention of said land company is that by reason of the decree of said probate court and the deed of said executor it is entitled to the damages to be paid for taking the land condemned. Said petition was heard by a justice of the Superior Court and denied. The case is before us upon exception to the decision of said justice.

The petitioner in its argument and brief bases its claim largely upon an attempted application of the principles of conversion, well settled in this State. Its contention is that the claim for damages for the condemnation of that strip of land taken from said tract, after the testator's death, by the railway company for its roadbed, shall be held to be real estate in accordance with the doctrine of conversion, and that said claims passed under the deed made to the petitioner by said executor. In this claim the petitioner seeks to carry the doctrine of conversion beyond its legitimate application. It cites to us a number of the opinions of this and of other courts dealing with states of facts, in which real property of a decedent has been sold by order of the probate court to pay his debts, or has been sold

by a mortgagee under a power of sale contained in a mortgage,. made by the decedent. In such cases it has been held that if a surplus remains, after the payment of the decedent's debts or after the satisfaction of such mortgage, the surplus, for the purposes of distribution, shall be treated as real estate, and shall not go to the personal representative of the decedent, but shall be paid to his heir, or to those devisees who would otherwise have become the owners of said real estate. In Section 10, Chapter 308, Gen. Laws, 1909, it is specially provided that the surplus arising from the sale of the real estate of a deceased person to pay his debts or from the sale or mortgage of the real estate of a ward by guardian shall pass to the same persons who would have taken the real estate if it had not been sold or mortgaged. This is the application of an equitable principle necessary to protect the rights of persons interested. In the matter before us the damages for the taking shall be treated as land and held to stand in the place of the land, as it was owned when taken, for the purpose of determining to whom the money is to be paid; but there is a marked distinction between that proposition and the holding that said claim for damages is land and passes under a deed purporting to convey solely a right, title and interest in land. We cannot agree with the petitioner's contention in that regard.

It is essential to determine when said land was taken by the railway company and from whom it was taken. In *Southern N. E. Ry. Co.* v. *Shuttleworth*, 38 R. I. 216, we have held that the taking of the land was on December 8, 1911, when the railway company gave the required security for the payment of damages. From the death of Joseph B. Cook, Sr., until that time, when they were dispossessed by the railway company, Joseph B. Cook *et al.*, the devisees, were entitled to possession of the entire tract of land and to have its rents and profits, unless before that time, by proper legal proceedings, the executor had taken means to have said land sold for the payment of decedent's debts. No such legal proceedings were taken, and if the railway company

had been ready to pay the damages at the time of the taking the only persons then entitled to receive the damages would have been said devisees. *Allyn* v. *Providence, &c., R. R. Co.,* 4 R. I. 457. In *Southern N. E. Ry. Co.* v. *Shuttleworth,* 38 R. I. 216, we said: "If the circumstances of the matter had permitted, the damages should have been paid at the time the claimant's property was taken from him. The ascertainment of the amount of his damages necessitated delay. When the amount of his damages are determined, in justice, they must be regarded as due to him of the day when his property was taken."

The petitioner appears to regard its position as strengthened by its statement that under the law all of the testator's estate, real as well as personal, is chargeable with his debts; that said claim for damages stood in the place of certain of his real property; and that the only explicit provision of statute by which the probate court can make the testator's real property available for the payment of his debts is by decreeing a sale of the same by the executor. From this the petitioner argues that in directing the sale of all the right, title and interest of the testator in said real estate at the time of his death the probate court must be held to have included said claim for damages; for otherwise, as it claims, the land taken in condemnation would escape the charge laid upon it and the devisees would receive the amount of damages freed from the lien. Whether a probate court under its statutory powers can reach such a claim for damages or follow the amount of damages when paid to the heir or devisee, and make it available for the payment of debts, is unnecessary now to consider. In *Allen* v. *Allen,* 12 R. I. 301, which was a suit of interpleader, this court held that upon the sale of realty by a mortgagee under the powers contained in the mortgage, after the death of the mortgagor, the heirs or devisees of the mortgagor would be entitled to the surplus remaining after full satisfaction of the mortgage debt, and said that the surplus should be paid to them "on giving proper security to repay so much as may be needed, and

whenever needed, for the payment of debts, or that it should be paid into the registry of the court and placed at interest until so needed; and that upon satisfactory proof by the administrator that the fund or any part of it is required for the payment of debts, the court will make the necessary order for payment by the heirs or devisees, or out of the registry of the court, in the same manner as the court of probate would have done if the fund had remained real estate." Under the ruling in *Allen* v. *Allen*, equity furnishes the procedure for rendering such a claim for damages, and the damages when ascertained and paid, available for the payment of debts of the deceased.

Apparently it was not brought to the attention of the probate court before the entry of said decree that a portion of said tract had been taken in condemnation. In directing the executor to sell all the right, title and interest which Joseph B. Cook, Sr., at the time of his death had in said entire tract the probate court exceeded its power; for between the death of said Cook and the entry of the decree a part of said right, title and interest had been taken away by paramount authority, and could not be sold for the payment of the testator's debts. The executor's power was restricted to the lawful authority given to him by the probate court. Also said claim for damages would not pass to the petitioner under the language in the deed for in no sense is said claim a part of the right, title and interest which Joseph B. Cook, Sr., had in said land at the time of his death.

The question presented in this case is similar to that which has arisen in cases in which a part of mortgaged property has been taken in condemnation and the mortgage has subsequently been foreclosed by sale. In a number of well considered cases it has been held in such circumstances that, by the condemnation, the mortgagor's interest in the land taken has been wiped out by title paramount; that only the remaining land can be sold on foreclosure; and that the purchaser at such foreclosure sale acquires no right in the claim for damages. If the mortgage debt is satisfied on the fore-

closure sale the mortgagor would be entitled to the damages in condemnation; if the mortgage debt is not satisfied the mortgagee would have an equitable lien on the claim to the extent of any deficiency of the mortgage debt remaining unpaid. *Bates* v. *Boston Elevated Ry.*, 187 Mass. 328; *Matter of City of Rochester*, 136 N. Y. 83; *Miller* v. *Levee Commissioners*, 78 Miss. 201; *Patterson* v. *City of Binghamton*, 154 N. Y. 391; *Home Insurance Co.* v. *Smith*, 28 Hun. 296. In this case Joseph B. Cook *et al.*, the devisees, stand in the place occupied by the mortgagor in the cases we have cited; the executor representing the creditors in the place of the mortgagee; and the petitioner in that of the purchaser at mortgagee's sale. It appears in the estate of Joseph B. Cook, Sr., that all of the testator's debts have been paid and the estate closed, hence no question arises between the executor and the devisees.

In our opinion the claim in question belongs to said devisees who alone have the right to prosecute it.

The petitioner's exception is overruled, the decision of said justice is affirmed, and the papers are transmitted to the Superior Court.

*Wilson, Gardner & Churchill*, for Eureka Land Company.
*Irving Champlin*, for Joseph B. Cook *et al.*
*John Courtland Knowles*, of counsel.