KATHRINA PALO ET ALS. *vs.* ELWOOD I. ROGERS ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued March 9th—decided April 25th, 1933.

*Maurice J. Buckley,* for the appellant (defendant city of Stamford).

*William A. Kelly,* for the appellant (defendant Rogers).

*Warren F. Cressy,* for the appellee (plaintiff Palo).

*Max H. Mernstein,* for the appellee (plaintiff Gruber).

*Michael Wofsey,* for the appellees (plaintiffs Nanos).

BANKS, J. In February, 1929, the city of Stamford instituted proceedings to establish a new building line on the east side of Bedford Street in that city in front of property acquired by the defendant Rogers pending those proceedings. The plaintiff Palo owns a first mortgage of $37,000 upon the property, the plaintiff Gruber a second mortgage of $17,000, and the plaintiffs Nanos a third mortgage of $7875. The board of estimate

and appraisal made a report to the common council
assessing damages in favor of Rogers, which the com-
mon council amended by striking out the assessment
and assessing damages in his favor in the sum of $1
only. Rogers appealed to a judge of the Superior
Court. Pending the appeal, the city and Rogers, be-
ing desirous of effecting a settlement of the appeal and
also an adjustment of damages that might result to
him from the establishment of a proposed change in
the street line, entered into an agreement under which,
for a consideration of $17,500, and other considera-
tions mentioned therein, Rogers agreed to release the
city from any claim he might have arising out of the
establishment of the building line and the establish-
ment thereafter of the proposed street line in front of
his property. On or about February 13th, 1930, the
city paid Rogers $17,500 in pursuance of this agree-
ment.

Thereafter proceedings were instituted for the es-
tablishment of a new street line on the east side of
Bedford Street, and the common council adopted a new
street line coincident with the building line, and in
connection therewith determined that Rogers was
damaged to the extent of $1 and benefited a like
amount. The land taken by the city was a strip ten
feet in width, over which there extended a one-story
brick building having a depth of thirty-three feet.
His agreement with the city required Rogers to re-
move so much of the building as encroached over the
new street line. The taking of the ten feet so reduced
the depth of the building that its further use was im-
practicable and Rogers demolished the entire building.
The city has taken full possession of the property up
to the new street line and building line, the security
of the plaintiffs has been impaired, and they cannot
be restored to their original position. The plaintiffs

had no notice or knowledge of the proceedings for the establishment of the new street line, or of the terms of the agreement between the city and Rogers, until after the time had expired for taking an appeal. The plaintiff Palo learned of the payment of $17,500 by the city to Rogers two months after it was made and thereafter brought this action claiming that that sum was due her from the city under the condemnation proceedings, and that Rogers had had and received it for her benefit. The other mortgagees were later joined as parties plaintiff.

This action is brought under Chapter 59 of the Public Acts of 1929, now § 5077 of the Revision of 1930, the relevant portion of which is quoted in the footnote. The obvious purpose of this statute is to protect the interests of an incumbrancer of land taken for public use, it having previously been held in this State, contrary to the rule in many other jurisdictions, that a mortgagee had no interest in an award in such proceedings. See *Whiting* v. *New Haven,* 45 Conn. 303; *Kaufman* v. *Valente,* 115 Conn. 428, 434, 162 Atl. 693. This the statute accomplishes, first, by requiring that the incumbrancer receive the same notice of the

"Notice shall be given to all persons appearing of record as holders of any mortgage, lien or other incumbrance on any real estate or interest therein which is to be taken by right of eminent domain or by condemnation proceedings, in the same manner as notice is required to be given to the owner of such property; and the amount due to any such mortgagee, lienor or other incumbrancer, not exceeding the amount to be paid for such property, shall be paid to him according to priority of claims, before any sum shall be paid to any owner of such property. In case of dispute as to the amount due any such mortgagee, lienor or other incumbrancer, the money may be deposited with the clerk of the Superior Court in the county in which such property is situated, and any one claiming an interest in the same may bring suit therefor, making all others claiming interest in the fund defendants, and the court may determine the rights in the fund of all parties to such suit, and may tax costs according to the rules of equity."

proceedings as is required to be given to the owner of the property, and second, by providing that the amount due any incumbrancer, not exceeding the amount to be paid for the property taken, be paid to him according to priority of claims, before any sum is paid to the owner.

The court found that no notice of the proceedings was given to the plaintiffs as required by the statute. The statute requires the same notice to the incumbrancer as to the owner, and the city charter provides for notice to "every party interested" only by publication in a newspaper. Whether the plaintiffs received legal notice of the proceedings is not, as we view it, of material significance in this action. The purpose of the requirement of notice to the incumbrancer is that he may have an opportunity to be heard as to the amount of the award, to which he has a claim prior to that of the owner of the land, or as to any question that may arise affecting the legality of the proceeding. Lack of notice may be waived by the party entitled to it. *Manners* v. *Waterbury,* 86 Conn. 573, 86 Atl. 14.

The plaintiffs are not disputing the amount of the award, nor are they claiming any informality in the proceedings taken to establish the new building and street lines. They have waived any such informality or any lack of notice, by bringing the present action to recover what they claim was the amount paid to Rogers for the land taken by the city. The plaintiff having waived notice, the proceedings ultimately taken for the establishment of the street line are in all respects, so far as appears, valid and effectual as regards them and all other persons affected. The plaintiffs therefore are not in a position to claim, and we understand do not claim, that the city has not legally established building and street lines in front of the

property covered by their mortgages, and has not legally taken the land up to the lines so established. Their contention is that the amount paid Rogers for the land so taken should have been paid to the plaintiff Palo in compliance with the requirements of the statute. The contention of the defendants is that the payment to Rogers by the city was made pursuant to the terms of a contract between them, and was not a payment of an amount found due for the taking of the land in the proceedings establishing the new building and street lines.

The terms of the agreement negative this claim. It recites the establishment of the building line, the appeal taken by Rogers from the assessment of damages for the same, the proposed establishment of a new street line coincident with the building line, the desire of the parties to settle the appeal and adjust the damages resulting from the change in the street line, and then provides that Rogers, for the consideration named, will release the city from any claim for damages arising out of the establishment of the building line and the proposed street line. Clearly this was a compromise agreement fixing the amount agreed to be due Rogers as damages for the land taken by the city for this public improvement. The duty of the city to pay such sum to those holding mortgages on the property, according to the priority of their claims, as provided in the statute, was as clear as though the amount to be paid had been determined by a judgment of the court instead of being reached by a compromise agreement of the parties.

The title to the land taken by the city vested in it by virtue of the proceedings establishing the building and street lines. The city took the land in the exercise of its right of eminent domain. It did not, as defendants appear to claim, acquire it by purchase

from Rogers, in which event, of course, it would have obtained only his equity of redemption subject to the liens of the plaintiffs' mortgages. The agreement executed by Rogers and the city was not an agreement by the former to sell the land in question and was not the source of the city's title to it. It simply evidenced the agreement of the parties as to the amount of damages to be paid by the city for the land taken by it. This sum, being less than the amount of the first mortgage of the plaintiff Palo, was payable under the statutes to her, and not to Rogers. She had no knowledge of the payment to Rogers until two months after it was made, and cannot be charged with laches for failure to claim the award from the city before its payment to Rogers. It is no defense to the action against the city that it has paid the money to the wrong person in disregard of the rights of the person to whom it was legally obligated to pay. *Sherwood* v. *Lafayette,* 109 Ind. 411; *Lumberman's Ins. Co.* v. *St. Paul,* 82 Minn. 497; *Levee Board* v. *Wiborn,* 74 Miss. 396. It was its duty under the statute to ascertain from the land records if there were any incumbrancers of record who were entitled to the award and to make payment accordingly. In case of doubt as to whom payment should be made, it could have protected itself by depositing the money with the clerk of the Superior Court.

The plaintiff Palo was legally and equitably entitled to receive the money accruing from these condemnation proceedings, and has a good cause of action to recover it from the city by force of the statute, and also from the defendant Rogers as money received by the latter which in equity and good conscience he has no right to retain. *Harris* v. *Howes,* 75 Me. 436; *Eyre* v. *Faribault,* 121 Minn. 233, 141 N. W. 170; *Tamm* v.

*Kellogg,* 49 Mo. 118; *Smith* v. *Gruber Lumber Co.,* 81 Wash. 111, 142 Pac. 493.

As the plaintiff Palo became entitled to receive the money as soon as it was due from the city without regard to any foreclosure proceeding on his mortgage, the course of procedure adopted by the trial court in withholding judgment in a foreclosure action tried with this one until the issues here involved were decided was correct.

None of the requested corrections of the finding would, if granted, affect the result.

The single ruling on evidence which is attacked did not constitute reversible error.

The primary liability to the plaintiff Palo is upon Rogers, who has received from the city money which belongs to Palo. The liability of the city is secondary, and it should be obliged to pay only such sum as Palo is unable to collect from Rogers. The judgment should, therefore, be corrected to provide that the plaintiff Palo recover of Rogers the amount of the judgment, but if, upon the return of an execution against him, it is returned unsatisfied in whole or in part, he may recover the unpaid balance of the city.

There is error in the form of the judgment only and the cause is remanded for its correction.

In this opinion the other judges concurred.