## HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT
*vs.*
## JULIUS PEZENIK ET ALS.

Superior Court        Fairfield County        File No. 58730

MEMORANDUM FILED AUGUST 14, 1941.

*Frank Habansky,* of Bridgeport, for the Plaintiff.

*David Goldstein; Marsh, Stoddard & Day; Edward L. Kelly,* and *Willis, Foster & Lister,* all of Bridgeport, and *William L. Barnett,* of New Haven, and *Cummings & Lockwood,* of Stamford, for the Defendants.

CORNELL, J. The proceeding is one prosecuted under the authority of section 5072 of the General Statutes, Revision of 1930, captioned "Mode of Condemning Land for Certain Purposes." Accordingly, a reference was made to a committee which was, thereupon, required "to view the property in question, hear the evidence, ascertain the value, assess just damages to the owner or parties interested [*sic*] in the property so proposed to be taken and report their doings" to this court. The committee filed its report on December 4, 1939, and in this set forth, only, that the value of the premises in question was found to be $147,100 and that it assessed that "sum to be paid as just damages....to *the owner of the property* for the taking of the same."

To this the defendant Pezenik (hereinafter referred to as "the defendant") on January 19, 1940, filed a remonstrance and motion to recommit on certain grounds below examined in connection with his "Remonstrance to Committee's Report and Supplemental Report." Included among them was one to the effect that the committee had failed to award damages to all the parties in interest. When the matter was presented, the court ordered that the report be recommitted for the single "purpose of considering and determining the amount of the interest, if any, which all of the defendants have in

the property and in the award" and in so doing designedly refrained from passing upon the other questions involved in the remonstrance and motion to recommit. This course was obviously followed to permit of disposing at one time of all the questions which might be presented when the report was complete.

The committee in compliance with the court's order, filed a supplemental report on December 17, 1940, in which it set forth only, but with particularity, the interests which each of the defendants have in the *premises* in question, whether as lien holders or otherwise, but made no finding of what each had in the award. This done, the defendant, on January 6, 1941, interposed a "Remonstrance to Committee's Report and Supplemental Report." Included in this are motions to re-commit. In this respect and all others with the exception of one embodied in an amendment to this last remonstrance, viz., "(C)", it has substantially the same content as the original remonstrance and motion to recommit. One of the motions to recommit referred to is as follows: "(B) 6. The committee should find the interests of all the defendants in the award as well as in the property as recommended by the court.... recommitting the original report to the Committee." Plain-tiff opposes this contention on the claimed authority of *Bridge-port Hydraulic Co. vs. Rempsen*, 124 Conn. 437, 445.

This connotes the contention that the proceeding is gov-erned in this respect by section 5077 of the General Statutes, Revision of 1930, instead of section 5072 of the General Statutes, Revision of 1930. Section 5077 has for its purpose the protection of persons other than the owner having in-terests in land taken for public use where the procedure under which such property is acquired makes no provision for notice of the proceeding, or for payment to them in so far as the award will suffice for the purpose before anything is paid to the owner. It affords them opportunity to be heard as con-cerns the amount of the award, as to any question that may arise affecting the legality of the proceeding and to establish the priority of the interest or encumbrances which they have. *Palo vs. Rogers*, 116 Conn. 601, 604; *Kaufman vs. Valente*, 115 id. 428, 434. It is particularly appropriate to instances where land is condemned or the power of eminent domain is exercised by municipalities and public or public utility cor-porations whose charters precribe the procedure to be fol-

lowed in the use of such authority, but make no, or inadequate, provision for notice and opportunity to encumbrancers on property taken to participate in the proceeding, establish their claims and the priority of them and to insure payment of them accordingly. *See Bridgeport Hydraulic Co. vs. Rempsen, supra; Palo vs. Rogers, supra; Kaufman vs. Valente, supra; Thomson vs. New Haven,* 100 Conn. 604. In proceedings under such provisions, a committee is without right to pass upon the validity of encumbrances and when the amount to be paid for the property taken is finally determined the share of the encumbrancers therein must be adjudicated by force of section 5077, *supra,* in a separate proceeding. *Bridgeport Hydraulic Co. vs. Rempsen, supra,* 445.

Section 5072, however, "is not a statute of general application. Its application is in terms restricted to the condemnation of land for the particular purposes set forth in certain other sections of the statutes, each of which is identified by its number. These other sections refer to the taking of land by the State, by counties, by school districts and by towns." *Thomson vs. New Haven, supra,* 606. *See* General Statutes, Revision of 1930, §§5065, 5066, 5067, 5068 and 5073. To them may be added instances where in any special act the General Assembly denotes that the procedure outlined in section 5072 is to be followed in exercising power conferred to acquire land. *Waterbury vs. Macken,* 100 Conn. 407, 410. In the instant situation it is specifically required by applicable public act that the exercise of powers of eminent domain bestowed upon plaintiff shall be in accordance with section 5072 of the General Statutes, Revision of 1930 (Supp. [1937] §148d).

The provisions of section 5072, in cases where they apply, manifest a purpose to settle in one proceeding the questions of what sum shall be awarded for the property acquired, the character and number of encumbrances against it and the holders of same, the various interests therein and the owners thereof and, finally, require a determination of what share in the award each is entitled to according to his interest in the land, and, of course, an opportunity to all to be heard at every stage of the proceeding. As respects the instant matter, the direction is clear. The committee is not merely to determine the value of the property taken or of the interest of the owner therein, but also, to "assess just damages to the

owner or *parties interested* [*sic*] in the property...." (Italics added.)   This accomplished, it is then required that the court or judge "shall make any order necessary to protect the rights of *all* parties interested." (Italics added.)   All this makes it evident that in a proceeding under this statute, as is the instant one, it is the duty of the committee, not only to determine the interests of the several parties affected in the real estate which is condemned, or taken, but likewise, to assess to each, the amount in dollars to which the committee finds he is entitled in the award made according as it ascertains his interest in the land to be.   This is important—not only because statute requires it—but also to an owner, as well as encumbrancers, who may wish to dispute the committee's conclusion which directly affects them in this respect and which, otherwise, for lack of such findings, they would be foreclosed from doing, except by recourse to the rules governing remonstrances and recommitment.   It is required, therefore, that the report be recommitted for this purpose.

Before considering each of the other grounds of the motion to recommit and the remonstrance it will conduce to clarity if a demurrer filed by the plaintiff be first disposed of.   This must be overruled.   No detailed discussion of the questions sought to be raised in it is merited because it is ineffectual to present them.   In the first place it is erected on the premise that the ruling of the court recommitting the report for the purpose of including in it facts concerning the interests in the property and in the award of the other defendants, also disposed of the other grounds for recommittal and remonstrance contained in it; hence, that there is an endeavor, hinged on the incidence of the filing of the supplemental report, to obtain another ruling on questions raised by the remonstrance to the original report and previously disposed of by the court. As already noted, this is not so—a fact which in addition to the record, itself, is certified to by the judge then presiding with whom, with the consent of of counsel, the undersigned communicated for the purpose of removing all doubt concerning that phase of the matter.   In addition, the demurrer is addressed to the entire remonstrance on the theory that that filed after the committee's supplemental report became part of the record, is identical with the original remonstrance filed.   That premise, too, is unsound since Part C had been added by amendment to the motion to recommit before plain-

tiff pleaded to it, and as already observed, *supra,* paragraph 6 of Part B contains matter consequent upon the committee's supplemental report. The demurrer is consequently, ineffective. *State vs. Giant's Neck Land & Improvement Co.,* 118 Conn. 350, 353. But even if the plaintiff were correct in its contentions—which in effect assert that the remonstrance and motions addressed to the supplemental report is merely a reassertion of claims already disposed of at the hearing upon the original remonstrance—its remedy would not be available by resort to demurrer, but upon a motion to strike out the last remonstrance and motions to recommit. The demurrer under the caption "First Count", which is that above referred to, is overruled.

Referring now to the remonstrance and motion to recommit as applicable to the supplemental report, it is to be observed that this combined pleading is in three parts, viz., A, B and C, the latter being an amendment filed February 28, 1941. As concerns the first of these, viz., "A", it is alleged that "the fact that the value of defendants' property was $147,100 was found without evidence." A transcript of the evidence "material or relevant" to this claim produced before the committee is filed and has been examined. No detailed discussion of it is called for. Suffice it to say that it affords ample basis upon which the committee could not only fairly determine the value of the property taken, but also to justify the conclusion reached as respects the amount of the same. This ground of remonstrance is overruled.

Part "B" of the remonstrance and motion to recommit states that the defendant desires to present to the court certain claims of law but is unable to do so because of the lack of subordinate facts in the report. The stated legal contentions may be condensed and paraphrased as follows: that in determining the value of the property in question the committee should consider (1) its potential income under ordinary, careful management; (2) the value of its riparian rights; (3) the sound value of the buildings based on reproduction costs; (4) that the land should not be evaluated, alone, as one parcel, but also its adaptability for subdivision and, consequently, a higher per square foot value should be placed on it for that reason. Granted that the defendant is correct in these claims there is no allegation that the committee did not give consideration to all of them. Hence, no basis exists upon which

the court may determine that the defendant is aggrieved on this score. Neither can the court consult the evidence to learn what the situation was in this respect. Even if it might permissibly do so, the void would not be filled since doing so would not reveal what the committee's conclusions of subordinate facts from it, in these respects, were. *Alishausky vs. MacDonald,* 117 Conn. 138, 140. Part "B" is overruled on all these grounds. Of the two others contained in this part, one has already been disposed of *supra,* viz., that the committee should state the interests of all parties in the award. The other, viz., (5) maintains that "the committee was not duly sworn before undertaking the hearing of such case." This cannot be determined on the record as it stands. It is palpably a question of fact and one of such character that it should admit of little difficulty of establishment, if true. Plaintiff submits nothing but a simple denial to the claim in so far as the record here is concerned, but in its brief recounts that the committee was sworn by the clerk of the Superior Court. If this is so, the defendant can easily ascertain the fact and if he does, this claim should be withdrawn. For the nonce and since the report must in any event be recommitted, the committee is requested to insert in it a statement whether the committee was sworn and if so, the approximate date when this occurred with reference to the commencement of the performance of the duties required by section 5072, *supra,* and by whom.

As respects Part "C", this is an addition to the remonstrance incorporated in it by an amendment made after the committee filed its supplemental report. It recites that since the report is totally devoid of subordinate facts upon which the ultimate conclusion of the value of the property is based, the defendant is unable to present certain questions of law and fact upon which he relies and, therefore, asks that the report be recommitted for a finding of all of such subordinate facts. To this, the plaintiff has demurred on the ground that the defendant has failed "to indicate with reasonable certainty the subordinate facts as to which" a finding is desired.

Palpably, this motion to recommit invokes the provisions of section 169 of the Practice Book (1934), a pertinent portion of which says: "The report should ordinarily state only the ultimate facts found; but if the committee has reason to believe that his conclusions as to such facts from subordinate

facts will be questioned, he may also state the subordinate facts found proven.

"Either party may request a committee to make a finding of subordinate facts....and of the claims of law made by him, and shall include or annex to such request a statement of the facts, or rulings, or claims of law, he desires the committee to incorporate in the report." The remonstrance does not assert that the moving defendant asked the committee to make any findings of subordinate facts whatsoever, nor is there any allegation of circumstances from which the committee could have had "reason to believe that [their] conclusions" of ultimate facts would be questioned. But the court may, nevertheless, grant the motion in the exercise of a sound discretion (*Alishausky vs. MacDonald, supra,* 140; *Wilcox vs. Meriden,* 57 Conn. 120, 124), though only "when it is made to appear to the satisfaction of the court that the moving party may be aggrieved...." *Fox vs. South Norwalk,* 85 Conn. 237, 240.

But "any party thinking himself aggrieved has the right to have the facts necessary to present the questions he desires to raise made a part of the finding, with a statement of the referee's conclusions from and rulings upon them." *State vs. Giant's Neck Land & Improvement Co., supra,* 355. The opinion in the case quoted from prescribes a procedure which should be followed under such circumstances, viz., that the remonstrating party accompany his motion for a recommittal with a request to the court to add the facts desired, if they are admitted or undisputed, or if they are derivable from conflicting evidence then to either state or indicate them with reasonable certainty and attach a transcript of the evidence so that the court may determine whether there was testimony before the committee from which the latter could reasonably find the facts upon which the remonstrant purposes to base his claims of law. *State vs. Giant's Neck Land & Improvement Co., supra,* 355, 356. Whether the failure to specifically follow this course in connection with the motion to recommit in part "C" would preclude the court from granting such motion or whether the pursuit of it is merely for the assistance of the court in exercising its discretion is, perhaps, not too clear from the cases. However that may be, it is evident from the content of paragraphs 1-4 of Part "B" that it is the defendant's design to have imported into the record

a statement of subordinate facts as found by the committee concerning the elements of value referred to therein and the evidence is available to the court in connection with Part "A." Thus, while the defendant has failed to meticulously follow the procedure outlined in *State vs. Giant's Neck Land & Improvement Co., supra,* and in particular has omitted to include a statement of subordinate facts—whether claimed to be admitted or undisputed or such as he contends should be found from conflicting evidence—yet the remonstrance and motions as a whole when read in connection with the evidence make clear the subjects to which the subordinate facts sought relate. To ignore these circumstances and refuse to consider them merely because the moving remonstrant failed to literally and formally follow the indicated procedure would be to edify form and submerge substance. From the combined remonstrance and motions to recommit, as a whole, there is sufficient compliance with the ordained procedure to enable the court to perceive the substance of the defendant's claimed aggrievement and to incline it to recognize it. The demurrer is, hence, overruled.

There is another consideration which influences the exercise of the court's discretion favorably to the defendant here. It lies in the difficulties in the procedure governing remonstrances to reports of committees in this and cases similar to it and the disadvantage at which a party is placed in this respect compared with his position where a cause is tried to the court. The rules are so unnecessarily complicated that the cases make it evident that skilled and experienced members of the profession frequently misapprehend them.

The report and original supplemental are recommitted and the committee directed to amend the same by (1) stating therein the extent of the interest of each of the defendants, expressed in terms of dollars in the award; (2) by stating whether or not. the members of the committee were sworn before commencing the performance of their duties as prescribed in section 5072 of the General Statutes, Revision of 1930, and if so by whom and the approximate date before or after the commencement of the performance of such duties; (3) by stating the subordinate facts upon the basis of which the conclusion that the defendant's property taken is of the value of $147,100 and in particular to include therein the committee's conclusions (a) of what the potential income is

under ordinary, capable management; (b) whether or not in concluding that the value of the property is $147,100, any effect was given to the riparian rights and if so, what; (c) whether or not the reproduction value less depreciation was considered and if so what the value of the buildings on that basis was found to be; (d) whether or not consideration was given to the value of the land if subdivided and its adaptability for such purpose and if so, the conclusions reached in that respect and what value the land would have, if any was arrived at, on that basis.