New Haven Redevelopment Agency *v.* Estate
of Elizabeth G. Costello et al.
(2328)

Hull, Dupont and Borden, Js.

Argued October 7—decision released November 29, 1983

*James W. Shea,* with whom, on the brief, was *James L. Costello,* for the appellants (defendants).

*Michael Koenigsberg,* assistant corporation counsel, with whom, on the brief, was *Charles Albom,* corporation counsel, for the appellee (city of New Haven).

PER CURIAM. The defendants were co-owners of realty which was acquired by the plaintiff, the New Haven Redevelopment Agency, pursuant to General Statutes § 8-128 et seq. A statement of compensation was filed in the Superior Court and a certificate of taking was issued by the clerk of the court. The defendants appealed to the Superior Court for a review of the amount of compensation and were heard by a state trial referee who increased the amount. No appeal was taken from the judgment of the referee, nor was any claim made prior to the reference that the true date of taking was other than the date on which the certificate of taking was recorded.

Subsequently, the city of New Haven moved for payment of real property taxes out of the amount which had been deposited with the clerk of the court at the time the redevelopment agency had filed its statement of compensation. At the hearing on the motion, the defendants objected to the motion and raised numerous claims for affirmative relief. The trial court found the amount of tax indebtedness to be equal to the sum shown in the city's mathematically uncontroverted affidavit, and ordered that that sum be disbursed to the city. The defendants have appealed from that decision.[1]

The sole claim of the defendants which merits discussion is whether, at the hearing on the motion for payment, the defendants could raise questions of a "constitutional taking" date which was antecedent to the date of the filing of the certificate of taking. *Research Associates, Inc.* v. *New Haven Redevelopment Agency,* 152 Conn. 137, 204 A.2d 833 (1964), considered and decided the question here posed. A taking date other than that on which the certificate of taking is

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

recorded should be claimed to the court prior to the reference to a referee for review of the assessment of damages. Id., 140–41.

We have considered the defendants' other claims on this appeal and find them to be without merit.

There is no error.