******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# TOWN OF STRATFORD *v.* HAWLEY ENTERPRISES, INC., ET AL.
## (AC 38554)

Sheldon, Beach and Harper, Js.

*Syllabus*

The defendant I Co., which held a first mortgage on certain real property that was taken by eminent domain by the plaintiff town, appealed to this court from the judgment of the trial court awarding it damages for the taking. I Co. claimed that the trial court improperly determined that the town was entitled to recover back taxes owed to it on the parcel from the condemnation award. Specifically, I Co. claimed that the town was not entitled to recover the back taxes because it had failed to claim an interest in the condemnation award in the statement of compensation, as required by the statute (§ 8-129 [a] [3] and [b]) that requires a town to file a statement of compensation containing the names of all persons having an interest in the subject property, and to give notice to owners and holders of any mortgage, lien, assessment or other encumbrance on such property. *Held* that the trial court properly determined that the town was entitled to recover the back taxes from the condemnation award: the purpose of the notice provisions of § 8-129, which is to protect the interests of encumbrancers and landowners so that they may have an opportunity to be heard regarding the amount of the award, was satisfied, as the town, which filed the statement of compensation, had notice of it and was present at the condemnation hearing, any lack of formal notice to the town did not prejudice I Co., as it did not specify any way in which it had been harmed by the statement of compensation, and, under the circumstances of the present case, there was no merit to I Co.'s claim that a condemnee may not properly know whether to file for judicial review of the statement of compensation unless the condemnee knows, by virtue of the names listed in the statement of compensation, whether any encumbrancers may claim a portion of the condemnation award, as judicial review was sought in the present case; moreover, I Co. failed to provide any authority precluding a trial court in a condemnation action from awarding compensation from the condemnation award to a town for back taxes, and it was not improper for the trial court to have cited foreclosure law, by analogy, for the purpose of determining the priority of the town's tax lien.

Argued February 8—officially released August 8, 2017

*Procedural History*

Notice of condemnation of certain real property owned by the named defendant, brought to the Superior Court in the judicial district of Fairfield, where the named defendant filed an application for the reassessment of damages; thereafter, IP Media Products, LLC, was substituted as a defendant; subsequently, the matter was tried to the court, *Hon. Arnold W. Aronson*, judge trial referee; judgment increasing the amount of compensation; thereafter, the court issued certain orders regarding the payment of back taxes on the property, and the substitute defendant appealed to this court. *Affirmed.*

*John R. Bryk*, for the appellant (substitute defendant).

*Sean R. Plumb*, for the appellee (plaintiff).

*Opinion*

BEACH. J. The defendant IP Media Products, LLC,[1] appeals from the judgment of the trial court awarding damages to it for the taking of certain real property by the plaintiff, the town of Stratford (town). The defendant claims that the court erred in concluding that the town was entitled to recover back taxes from the condemnation award. We affirm the judgment of the trial court.

The following facts, as found by the court or apparent from the file, are relevant to our resolution of this appeal. The town took a 22.44 acre parcel in Stratford by eminent domain for use as open space. In October, 2014, pursuant to General Statutes § 8-129 (a) (3), the town filed an amended statement of compensation for the taking of the property, which set the value of the property at $247,500. The town deposited that sum with the clerk of the Superior Court. The defendant held the first mortgage on the property and the debt owed to it was approximately $360,000. It appeared in court in response to the notice of a condemnation hearing. By agreement of the parties, $190,000 was distributed to the defendant, and the remaining $57,500 was retained by the clerk's office.

Pursuant to General Statutes § 8-132 (a), the property owner[2] filed an appeal to the Superior Court and an application for review of the development condemnation award. Following an evidentiary hearing, the court issued a memorandum of decision on August 21, 2015. The court determined that the fair market value of the property was $330,000 and awarded interest at a rate of 2 percent per annum on the difference between the taking price of $247,500 and the evaluation by the court until the date of payment.

The property owner filed a motion to reargue in which it requested the court to address the issue of whether the town was entitled to recover back taxes owed on the parcel from the condemnation award. In a memorandum of decision entitled "Priority of Funds on Deposit in the Clerk's Office," the court determined that the debt owed to the defendant exceeded the amount deposited with the clerk's office. The town, however, had claimed that the amount of $53,988.46 should be withheld from the amount paid to the defendant and should instead be remitted to the town for payment of unpaid taxes on the property. The defendant claimed that it was entitled to all of the funds deposited with the clerk's office. The court concluded that the town was entitled to receive for payment of back taxes the amount of $53,988.46 from the condemnation award. This appeal followed.

The defendant claims that the court erred in concluding that the town was entitled to recover back taxes from the condemnation award. The defendant advances

several arguments in support of his claim, none of which persuades us.

First, the defendant argues that the town was not entitled to recover back taxes because the town failed to claim an interest in the condemnation award in the statement of compensation as required by § 8-129 (a) (3), which provides that the town shall file with the clerk of the Superior Court a statement of compensation containing "the names of all persons having a record interest therein"; and by § 8-129 (b), which provides that upon the filing of its statement of compensation, the town shall "give notice . . . to each person appearing of record as an owner of property affected thereby and to each person appearing of record as a holder of any mortgage, lien, assessment or other encumbrance on such property or interest therein."

"Statutory interpretation presents a question of law for the court. . . . Our review is, therefore, plenary." (Internal quotation marks omitted.) *Atlantic Mortgage & Investment Corp.* v. *Stephenson*, 86 Conn. App. 126, 131–32, 860 A.2d 751 (2004).

A basic tenet of statutory construction is that "[s]tatutes must be interpreted to give meaning to their plain language and to provide a unified body of law." (Internal quotation marks omitted.) *Reid & Riege, P.C.* v. *Bulakites*, 132 Conn. App. 209, 213, 31 A.3d 406 (2011), cert. denied, 303 Conn. 926, 35 A.3d 1076 (2012).

The purpose of the notice provisions of § 8-129 is to protect the interests of encumbrancers and landowners so that they may have an opportunity to be heard regarding the amount of the condemnation award. See *Palo* v. *Rogers*, 116 Conn. 601, 604–605, 165 A. 803 (1933). "The single objective of an eminent domain proceeding is to ensure that the property owner shall receive, and that the state shall only be required to pay, the just compensation which the fundamental law promises the owner for the property which the state has seen fit to take for public use." (Internal quotation marks omitted.) *Russo* v. *East Hartford*, 4 Conn. App. 271, 274, 493 A.2d 914 (1985).[3]

The purpose of the notice provisions of § 8-129 was satisfied here.[4] The town, of course, knew of the filing of the statement of compensation by virtue of the fact that the town itself had filed it, and the town was present at the condemnation hearing. Further, in *Palo* v. *Rogers*, supra, 116 Conn. 605, our Supreme Court, interpreting a predecessor statute to the current § 8-129, held that lack of notice of the condemnation effectively could be waived by a party entitled to such notice.

Critically, any lack of formal notice to the town did not prejudice the defendant. At oral argument before this court, the defendant was unable to specify any way in which it had been harmed by the statement of compensation. The defendant posited that a condemnee

may not properly know whether to file for judicial review of the statement of compensation pursuant to § 8-132 unless that condemnee knows, by virtue of the names listed in the statement of compensation, whether any encumbrancers may claim a portion of the condemnation award. Even if there were some conceivable merit to that position in another set of circumstances, there is no merit on the facts of this case, in which judicial review was sought.[5]

The defendant claims as well that the court erred in awarding the town back taxes in the absence of statutory authority or case law specifically permitting such recovery. Municipal real property tax liens have absolute priority over "all transfers and encumbrances in any manner affecting such interest in such item, or any part of it." General Statutes § 12-172. The defendant has not directed us to any authority, nor are we aware of any, that precludes the court in a condemnation action from awarding compensation from the condemnation proceeds to a town for back taxes. We conclude that the court properly awarded the town back taxes from the condemnation award.

The defendant finally claims that the court erred in applying foreclosure law when concluding that the town was entitled to recover back taxes from the condemnation award. The court cited foreclosure law, plainly by analogy, for the purpose of determining the priority of the town's tax lien. It was not improper for the court to do so. "[T]he trial court is presumed to have applied the law correctly"; (internal quotation marks omitted) *Blumenthal* v. *Kimber Mfg.*, *Inc.*, 265 Conn. 1, 9, 826 A.2d 1088 (2003); and the defendant has not shown otherwise.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Other parties were named as defendants in this action and failed to file appearances. They include: Millionair Club, Inc.; City Streets, Inc.; Cell Phone Club, Inc.; Outlaw Boxing Kats, Inc.; Regensburger Enterprises, Inc.; Red Buff Rita, Inc.; Payphones Plus, LLC; 3044 Main, LLC; Albina Pires; Gus Curcio, Jr.; Robin Cummings; Joseph Regensburger; Faye Kish; Richard Urban; Dahill Donofrio; and Dominique Worth. Hawley Enterprises, Inc., was also named in this action, but is not involved in this appeal. We will refer to IP Media Products, LLC, only as the defendant.

[2] The property owner, Hawley Enterprises, Inc. (Hawley), filed the application. Hawley and Dade Realty Company I, LLC, for which IP Media Products, LLC, was later substituted, were the only defendants to file appearances and present evidence at trial.

[3] The priorities of the parties may be determined by motion to the Superior Court pursuant to General Statutes § 8-132a (a).

[4] The defendant's reliance on *New Haven Redevelopment Agency* v. *Estate of Costello*, 1 Conn. App. 20, 467 A.2d 924 (1983), is misplaced. There, the city of New Haven specified in its statement of compensation that the property was subject to taxes in its favor. That fact does not necessarily mean that the converse is true, that a municipality is precluded from recovering back taxes if it does not include itself in the notice. This court did not address that issue in *New Haven Redevelopment Agency*.

[5] The defendant also argues that it, rather than the town, filed the application for payment of moneys deposited pursuant to § 8-132a, and therefore the town cannot recover back taxes from the condemnation award. Section 8-132a does not impose such a requirement. It provides that upon motion,

the trial court may decide the equity owed to each claimant. The trial court here performed that task. See General Statutes § 8-132a (a) ("[a]ny person making application for payment of moneys deposited in court . . . or claiming an interest in the compensation . . . may make a motion to the superior court . . . for a determination of the equity of the parties having an interest in such moneys").

The defendant argues as well, on general principle, that condemnation ought not be sanctioned unless there is perfect compliance with every statutory requirement, whether or not the alleged shortcoming has any effect in a particular factual situation. There is no authority for this proposition.

———————————————